STATE v. MACK WALSH AND KIMBER BISHOP.

(Filed 12 April, 1944.)

**1. Rape § 2—**

In a prosecution against two defendants for assault with intent to commit rape on the prosecutrix, at different times on the same night, where the State's evidence tends to show that the assaults were made separately, without evidence that either defendant aided and abetted the other, there is reversible error in a charge that, if the intent to ravish and carnally know the prosecutrix existed in the mind of one of the defendants, or both of them, at any time during the assault, both would be guilty of an assault with intent to commit rape.

STATE *v.* WALSH.

**2. Same—**

    A jury may not convict an accused of assault with intent to commit rape without evidence and findings, upon proper instructions, that defendant committed an assault upon the person of the prosecutrix with intent at the time to ravish and carnally know her, by force and against her will, notwithstanding any resistance she might make.

APPEAL by defendants from *Rousseau, J.,* at September Term, 1943, of CALDWELL. New trial.

Both defendants were convicted of assault with intent to commit rape upon the State's witness. From judgment imposing prison sentences, the defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Max C. Wilson, J. T. Pritchett, and Trivett & Holshouser for defendants.*

DEVIN, J. For the purpose of this appeal it is unnecessary to set out at length the voluminous testimony offered in the trial below. The State's evidence tended to show an aggravated and felonious assault on the witness Ileana Barlow by the defendants, separately, at different times, on the night of 6 June, 1943. This witness, who lives in Lenoir and is sixteen years of age, had gone with three young men in an automobile some distance to a lake or bathing beach, arriving there about 6:30 or 7:00 p.m. The defendants were already there. Each of them made improper advances to her, and sought, at different times, to overcome her resistance and to induce her to consent. Two of the young men with whom she had gone there drove off and left her, and she was forced to get in the car with the defendants and Younce, one of the young men who had come with her. About 9:00 p.m. they started back toward Lenoir. On the way they stopped for some time off the highway near a church. There, at the request of defendant Walsh, the other two men got out and moved off a short distance, and Walsh, according to the State's evidence, attempted to ravish the girl on the back seat of the car. As the result of her vigorous resistance Walsh abandoned or did not succeed in carrying out his purpose. Thereafter Walsh got out, and defendant Bishop got in the automobile and against her protest and resistance sought, without success, to have sexual relations with her. Younce testified he remonstrated with the defendants but without avail. Later the automobile was driven back to Lenoir, Bishop and Younce got out, and Walsh drove the car to another part of the town and kept the girl in the car for some time. She finally succeeded in getting out of the car, and walked home.

The defendants denied assaulting the witness in any manner or attempting to ravish her. Defendant Walsh admitted that in the car he tried, without success, to induce her consent, and defendant Bishop testified he subsequently got in the car to see if she would consent to him. Each denied the use of force.

Among other things, the court charged the jury as follows: "The court charges you that if at any time the assault was being made, if there was an assault being made by one or both of these defendants, that if that intent existed in the mind of one of the defendants, or both of them, to ravish and carnally know and rape this young girl, even if they abandoned it and failed to carry it out, if that intent existed at any time during any assault, they would be guilty of assault with intent to commit rape. So the State says you ought to convict them on that count, and that you ought to convict both of them, and the court charges that if you do so find, it will be your duty to say 'guilty as charged in the bill of indictment.' "

The vice of this instruction, repeated in substance in another portion of the charge, is that the guilt of both was made to depend upon the intent in the mind of one. As the State's witness testified the assaults were made separately at different times by the defendants, and there was no evidence that either aided and abetted the other in making an assault, it was error to charge that the intent of one would make the other guilty.

Defendants also noted exception to the following instruction:

"The State contends, gentlemen, that Bishop said he was there for the purpose of having sexual intercourse with her, sitting in the automobile in the darkness at a late hour of the night, that he laid his hands on her, and laid his hands upon her in rudeness, and that if he did not have the intent to rape her that he had the intent to play with her and lead her up to the moment where she would give her consent, and that you ought to believe her when she said that what he did was over her protest and against her will, that it was done with rudeness at least, if not by violence and by force, that it was done with rudeness on his part. The State contends, as to the other defendant, that he tried it out with her in the automobile and hugged her and kissed her, and then failed to carry out his purpose because she resisted and did not permit him to have sexual intercourse with her, and the State contends, gentlemen, that during the time he was there with her he had his hands on her, at least against her will and in rudeness and in violence and by force, and that she never did consent . . . and that the very fact that she got out and walked home ought to satisfy you that what he was doing there was against her will and at least in rudeness if not in violence and by force, so the State contends, gentlemen, that you ought not to reach the second count, that is,

the count of assault on a female, but that you ought to convict him on the count of assault with intent to commit rape."

True, the words quoted were stated as the contention of the State, but the language used by the court in stating the grounds upon which the State relied was such as to engender the reasonable inference in the minds of the jurors that they could convict without finding all the essential elements of the offense charged, that is, that each of the defendants committed an assault upon the person of the State's witness with the intent at the time to ravish and carnally know her by force and against her will, notwithstanding any resistance she might make. *S. v. Massey*, 86 N. C., 658; *S. v. Jones*, 222 N. C., 37, 21 S. E. (2d), 812; *S. v. Gay*, *ante*, 141.

While the State's evidence tends to show a base and wanton attack upon the virtue of this girl, the defendants, upon their plea of not guilty, are entitled to a trial free from substantial error in law before they may be convicted and punished for the commission of so serious a crime.

As there must be a new trial, it is unnecessary to consider the other exceptions noted and brought forward in the assignments of error.

New trial.