STATE v. JAMES HARRY WOLFE and JOE NATHAN WOLFE
and
STATE v. JAMES H. WOLFE and JOE NATHAN WOLFE.

(Filed 21 May, 1947.)

**1. Criminal Law § 81e—**

Two defendants were tried together for the same offense. *Held:* A charge susceptible to the construction that should the jury find beyond a reasonable doubt that either committed the offense charged, they should return a verdict of guilty as to both, must be held for reversible error.

**2. Criminal Law § 54b—**

Where the verdict is silent on one of the counts contained in the bill of indictment it is tantamount to a verdict of not guilty on that count, and alleged error relating thereto need not be considered on appeal.

**3. Criminal Law § 77d—**

The Supreme Court is bound by the record as filed.

APPEAL by defendants from *Grady, Emergency Judge,* January Term, 1947, WAYNE. New trial.

Criminal prosecution under two bills of indictment which charge (1) a felonious nonburglarious breaking and entering of the dwelling of Jasper R. Best, and (2) highway robbery.

The evidence favorable to the State tends to show that defendants, conceiving that Best had intermeddled in their personal affairs, went to Best's home, broke in the door, assaulted him, and took $8 in money.

The court below submitted the cause to the jury on the counts of nonburglarious breaking and entering and larceny. Verdict: "Guilty of assault, breaking and entering." The court pronounced judgment on the verdict and defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Faison Thomson and J. T. Flythe for defendants, appellants.*

BARNHILL, J. The record before us discloses that the court in its charge to the jury gave the following instruction to which exception is duly entered, to wit:

"Like every other person who is put upon trial and charged with the commission of a crime, they are both presumed to be innocent, (and before you can return a verdict against them or either one of them, upon either one of these charges, it is necessary for the State to offer evidence which satisfies you beyond a reasonable doubt of the guilt of one or both of them.)"

And later, on the charge of nonburglarious breaking:

"If you find from the evidence and beyond a reasonable doubt that these two defendants, or either one of them, broke the door and went in the house, as contended by the State, that is, that there was a forcible entry of the house with intent at the time to commit an assault upon Jasper Best, it would be your duty to convict them upon that count of house-breaking."

Thus the jury was directed that if they found, beyond a reasonable doubt, that there was a felonious breaking and entering by either defendant they should return a verdict of guilty as to both. Certainly this

conclusion is reasonably implied. Hence the vice in the instructions lies in the fact that the guilt of both was made to depend upon the guilt of either. *S. v. Walsh,* 224 N. C., 218, 29 S. E. (2d), 743.

While the charge might be construed to mean, as was no doubt intended, that a verdict of guilty was to be returned only against the defendant about whose guilt the jury had no reasonable doubt and that they were not to convict both unless they were fully satisfied of the guilt of both, the statements are too ambiguous to go unnoticed. Prejudice to the defendants would seem to be apparent.

The silence of the verdict on the count of larceny constitutes a verdict of not guilty as to that charge. Hence we need not discuss alleged error in the instructions in respect thereto. Neither need we decide whether the verdict is sufficient to support a judgment.

The quoted excerpts from the charge do not reflect the clarity of thought and conciseness of statement usually found in the utterances of the eminent and experienced jurist who presided at the trial below. For that reason it is well to note that the "case on appeal" certified by the Clerk of the Superior Court of Wayne County in response to writ of *certiorari* is the statement filed by defendants, as amended by certain exceptions thereto by the solicitor. The judge has had no opportunity to review it. Even so, it is certified as the case on appeal. We are bound thereby and must decide the question presented upon the record as it comes here, without indulging in assumptions as to what might have occurred.

As there was prejudicial error in the charge there must be a
New trial.