STATE OF NORTH CAROLINA v. HORACE ANDERSON

No. 6928SC323

(Filed 13 August 1969)

1. Constitutional Law § 34; Criminal Law § 26— plea of former jeopardy — felony — conviction of misdemeanor in county court for same occurrence — appeal pending in superior court

In this prosecution in the superior court for the felony of assault with intent to commit rape, the trial court did not err in the denial of defendant's plea of former jeopardy based upon his conviction in the general county court of the misdemeanor of assault on a female for the same occurrence, where the charge of assault on a female is pending in the superior court on appeal *de novo* from the general county court, since upon appeal to the superior court the judgment of the county court is completely annulled and is not thereafter available for any purpose.

2. Criminal Law § 81— best evidence rule

In this prosecution for assault with intent to commit rape, admission of parol testimony of the contents of a note handed to the prosecutrix by defendant violated the best evidence rule where the State offered no explanation for the absence of the note itself, and the contents of the note being a vital part of the State's evidence in showing defendant's intent, defendant is entitled to a new trial.

3. Rape § 17— assault with intent to commit rape — elements

In order to convict a defendant of assault with intent to commit rape, the evidence must show not only an assault but that the defendant intended to gratify his passion on the person of the woman at all events, notwithstanding any resistance on her part.

APPEAL by defendant from *Froneberger, J.*, at the 10 March 1969 Regular Criminal Session of BUNCOMBE Superior Court.

Defendant was charged in an indictment, proper in form, with assault with intent to commit rape. Briefly summarized, the evidence tended to show: The defendant (41) went to the home of the prosecuting witness, a fifteen-year-old girl, around 5:00 p.m. on 23 November 1968 and arranged for her to baby-sit for his sister. Defendant returned later and picked up the prosecuting witness and her eight-year-old companion, telling them that they were to meet his sister at a certain hamburger stand. After waiting a period of time at the hamburger stand and the sister did not appear, the defendant indicated they would go on to his sister's house. As they proceeded on certain streets of the City of Asheville, the defendant handed the prosecuting witness a note, not produced at the trial, which read: "Keep quiet, don't say anything to the child. Give me what I want or I'll kill you." The prosecuting witness threw her

companion from the car, which was still in motion, struggled free of the defendant's grasp and got out of the car herself. The two girls then walked to a nearby house and obtained a ride home.

Shortly thereafter, two warrants were issued by the Clerk of the General County Court. Warrant No. 3634 charged the defendant with assault with intent to commit rape, a felony. Warrant No. 3633 charged the defendant with assault on a female, a misdemeanor. It is conceded that both warrants are based on the same occurrence. The cases were consolidated for purposes of hearing. On 20 December 1968, the county court found probable cause in case No. 3634 and bound the defendant over to the 6 January 1969 Session of Buncombe Superior Court. Case No. 3633 was continued to the February 1969 Session of county court.

On 27 February 1969, the defendant was tried in the General County Court and found guilty of the charge of assault on a female. From judgment imposed, defendant gave notice of appeal to the Superior Court of Buncombe County.

The indictment presently before this Court was returned at the 19 February 1969 Session of Buncombe Superior Court and charged assault with intent to commit rape. The defendant was tried on this indictment 15 March 1969. From a verdict of guilty and judgment thereon, defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General Jean A. Benoy and Special Assistant Thomas J. Bolch for the State.*

*Sanford W. Brown for defendant appellant.*

BRITT, J.

[1]　The first question presented is whether the superior court erred in overruling defendant's plea of former jeopardy, based upon the proceedings in the county court.

So far as the record indicates, the misdemeanor charge of assault on a female remains pending in the superior court, on appeal *de novo* from the county court. "When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and *is not thereafter available for any purpose.*" (Emphasis added.) *State v. Goff,* 205 N.C. 545, 172 S.E. 407. See also *State v. Stilley,* 4 N.C. App. 638; G.S. 15-177.1; G.S. 7A-288.

The defendant might well raise the plea of former jeopardy, based upon a final judgment in this case, as a bar to further prosecution of the warrant charging assault on a female. *State v. Midyette,* 270 N.C. 229, 154 S.E. 2d 66; *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838; 2 Strong, N.C. Index 2d, Criminal Law, § 26, p. 518. However, the misdemeanor case is not presently before us. We hold that the superior court did not err in overruling defendant's plea of former jeopardy interposed in the felony case now before us.

[2]     The next question presented is whether the parol testimony of the contents of the note handed to the prosecuting witness by the defendant violated the best evidence rule.

This rule appears to be well established in this jurisdiction. "Evidence that a record or document had been lost and could not be found after due diligence, or had been destroyed, is sufficient foundation for the admission of secondary evidence thereof, either by introducing a properly identified copy thereof, or by parol evidence of its contents. But as a general rule parol evidence in regard to writings is properly excluded in the absence of a showing of any effort to procure the writings to offer them in evidence." 3 Strong, N.C. Index 2d, Evidence, § 31, p. 647. Also Stansbury, N.C. Evidence 2d, § 192, p. 503. Here, the record of the proceedings in superior court is devoid of any explanation for the absence of the note itself. We may not speculate as to its whereabouts and disregard the rule.

The State contends that the contents of the note were collateral and therefore the admission of the parol testimony was not prejudicial, citing Stansbury, N.C. Evidence 2d, § 191, p. 499, and *State v. Ferguson,* 107 N.C. 841, 12 S.E. 574.

[3]     It is clear that an essential element of the offense involved here is the defendant's intention at the time of the assault. *State v. Walsh,* 224 N.C. 218, 29 S.E. 2d 743; *State v. Jones,* 222 N.C. 37, 21 S.E. 2d 812; *State v. Adams,* 214 N.C. 501, 199 S.E. 716. In *State v. Jones, supra,* in an opinion by Winborne, J. (later C.J.), and quoting from *State v. Massey,* 86 N.C. 658, it is said: "In order to convict a defendant on the charge of assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part."

[2]     The contents of the note were a vital part of the State's evidence in showing the intent of defendant; certainly, the contents of the note were pertinent to the issue rather than collateral. When

defendant's counsel objected to the oral testimony regarding the contents of the note, he specifically stated that "the note itself is the best evidence." Inasmuch as the contents of the note were directly in issue, the State was under an obligation to explain the absence of the note itself. We are not convinced that this note falls within the exception for "loose, casual papers." *Herring v. Ipock*, 187 N.C. 459, 121 S.E. 758; *State v. Credle*, 91 N.C. 640; Stansbury, N.C. Evidence 2d, § 191, p. 500. The assignment of error is well taken, necessitating a new trial.

While the State's evidence tends to show evil abuse of the young prosecuting witness, the defendant, upon his plea of not guilty, is entitled to a trial free from substantial error in law before he may be convicted and punished for the commission of so serious a crime. *State v. Walsh, supra.*

As there must be a new trial, we deem it unnecessary to consider the other questions brought forward and argued in defendant's brief.

New trial.

MALLARD, C.J., and PARKER, J., concur.