STATE OF NORTH CAROLINA v. HORACE ANDERSON

No. 7028SC233

(Filed 5 August 1970)

1. Criminal Law § 26— test of former jeopardy

The test of former jeopardy is not whether the defendant has already been tried for the same act but whether he has been put in jeopardy for the same offense.

2. Criminal Law § 26— attachment of jeopardy

Jeopardy attaches when a defendant in a criminal prosecution is placed on trial on a valid indictment or information, before a court of competent jurisdiction, after arraignment, after plea, and when a competent jury has been empaneled and sworn to make true deliverance in the case.

3. Criminal Law § 26— plea of former jeopardy — effect of nolle prosequi — attachment of jeopardy

The solicitor's taking of a *nolle prosequi* on the misdemeanor charge of assault on a female cannot support defendant's plea of former jeopardy in a subsequent prosecution for the felony of assault with intent to commit rape, both offenses arising out of the same occurrence, where jeopardy had not attached at the time of the taking of the *nolle prosequi*.

4. **Criminal Law § 81— admission of evidence — contents of note — best evidence rule**

In a prosecution for assault with intent to commit rape, the admission of parol testimony of the contents of a note handed to the prosecutrix by defendant was reversible error, where (1) the State offered no evidence explaining the absence of the note and (2) the contents of the note were directly in issue in showing the intent of the defendant.

BROCK, J., concurring.

APPEAL by defendant from *Snepp, J.,* 1 December 1969 Session, BUNCOMBE Superior Court.

Defendant was charged in an indictment, proper in form, with assault with intent to commit rape. Briefly summarized, the evidence tended to show: The defendant (41) went to the home of the prosecuting witness, a fifteen-year-old girl, around 5:00 p.m. on 23 November 1968 and arranged for her to baby-sit for his sister. Defendant returned later and picked up the prosecuting witness and her eight-year-old companion, telling them that they were to meet his sister at a certain hamburger stand. After waiting a period of time at the hamburger stand and the sister did not appear, the defendant indicated they would go on to his sister's house. As they proceeded on certain streets of the City of Asheville, the defendant handed the prosecuting witness a note, not produced at the trial, which read: "Keep quiet, don't say anything to the child. Give me what I want or I'll kill you." The prosecuting witness threw her companion from the car, which was still in motion, struggled free of the defendant's grasp and got out of the car herself. The two girls then walked to a nearby house and obtained a ride home.

Shortly thereafter, two warrants were issued by the Clerk of the General County Court. Warrant No. 3634 charged the defendant with assault with intent to commit rape, a felony. Warrant No. 3633 charged the defendant with assault on a female, a misdemeanor. It is conceded that both warrants are based on the same occurrence. The cases were consolidated for purposes of hearing. On 20 December 1968, the county court found probable cause in case No. 3634 and bound the defendant over to the 6 January 1969 Session of Buncombe Superior Court. Case No. 3633 was continued to the February 1969 Session of county court.

On 27 February 1969, the defendant was tried in the General County Court and found guilty of the charge of assault on a female. From judgment imposed, defendant gave notice of appeal to the Superior Court of Buncombe County.

At the 19 February 1969 Session of Buncombe Superior Court, defendant was indicted for assault with intent to commit rape. On 15 March 1969, defendant was tried on this indictment. From a verdict of guilty and judgment entered thereon, defendant appealed. By opinion (5 N.C. App. 614), defendant was awarded a new trial on the felony charge.

On 10 December 1969, the felony charge was called for retrial at which time defendant moved to dismiss the misdemeanor charge pending against him in the Superior Court of Buncombe County. Upon argument on said motion, the solicitor announced the State would take a *nolle prosequi* in the misdemeanor case. Defendant then moved to dismiss the felony charge arguing former jeopardy. The court denied defendant's motion and proceeded to retry defendant on the felony charge. From a verdict of guilty and judgment entered thereon, defendant appeals.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*Sanford W. Brown for defendant appellant.*

MORRIS, J.

Defendant assigns as error the court's denying his plea of former jeopardy in the felony charge on the prior termination by *nolle prosequi* of the misdemeanor.

[1, 2] "The test (of former jeopardy) is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense." *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424 (1955). And ". . . jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case." *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838 (1962).

[3] Defendant's contention of former jeopardy is without merit. When the solicitor agreed to take a *nolle prosequi* for the State

on the misdemeanor charge, jeopardy had not attached and the *nolle prosequi* of the misdemeanor charge cannot serve as a basis for a plea of former jeopardy in the subsequent prosecution on the felony charge, defendant not having been put in jeopardy for the same offense previously.

[4]    Defendant also contends that the court erred in finding ". . . that the original of the note was lost; that under the circumstances of its loss, a reasonable effort was made to locate the note . . . (and) that the contents of the note may be introduced into evidence by parol", such finding not being supported by competent evidence.

With regard to the loss of the note and the efforts made to determine its location, the record discloses the following:

"Q   Why did you jump out?

Objection for Defendant.

Objection overruled. Exception.

A   Because what the note said scared me.

Motion to strike.

Motion overruled. Exception.

Q   Do you know whether or not a search has been made for the note that night?

Objection for Defendant.

Objection sustained, unless she did it herself.

A   Yes, I went home. Pam Moss is a neighbor of mine. She lives at 7 Woodrow, about 2 blocks away. Yes, she visited in my home. Well, when I got home, I told mother what happened and me and her came straight on up to the police department.

Q   Did you ever see the person called Joyce McMahan, which Horace Anderson told you was his sister?

Objection for defendant.

MR. BROWN: Objection, your Honor as to what he told her.

THE COURT: You have already asked that. Let's move on.

Yes, he was talking about the hippies and things like that and he said if his daughter did something like that, if he had a daughter, and they ever did anything like that, he would kill them. No, sir, I've never been in a car with Horace Anderson before. Yes, sir, I know where Weaverville is. Yes, sir, we went by Weaverville that night. No, I don't know which way he turned at Weaverville.

Q   Do you know what was said and answer this yes or no, do you know what was said on the note?

Objection for defendant.

THE COURT: You may answer yes or no.

Exception.

A   Yes.

Q   What did it say?

Objection for defendant.

THE COURT: All right, now, wait just a minute. Let the jury go out.
(In the absence of the jury)

THE COURT: Now, what is the ground for your objection, Mr. Brown?

MR. BROWN: That the note is the best evidence and the proper foundation hasn't been laid.

THE COURT: Why hasn't it?

MR. BROWN: Because, your Honor, no search has been made for it.

(THE COURT: Pardon?

MR. BROWN: No search has been made for it by this party and it is just that it is about a note on a piece of brown package paper of some sort and no search for it.

THE COURT: Well, the court finds that the original of the note was lost and that under the circumstances of its loss, a reasonable effort was made to locate the note and

holds that the contents of the note may be introduced in evidence by parol. Bring the jury back.

Exception for the defendant.
(In the presence of the jury)

THE COURT: Read the question to the witness.

REPORTER: 'What was said and answer this yes or no, do you know what was said on the note?'

'A　Yes.

Q　What did it say?'

THE COURT: Go ahead.

Objection. Objection overruled. Exception.

A　It said, 'Keep quiet, don't say a word to the child.'

SOLICITOR: Go a little slower please.

WITNESS: 'Keep quiet, don't say a word to the child, and give me what I want or I will kill you.'

MR. BROWN: Motion to strike.

THE COURT: Motion overruled."

There is no evidence to support the court's finding that ". . . under the circumstances of its loss, a reasonable effort was made to locate the note . . .", there being no evidence a search had been made for the note that night or that the note could not be found after due diligence. In fact there is no evidence in the record that a search for the note had been conducted at any time or any other explanations for the absence of the note.

It is obviously necessary to reiterate the opinion of Britt, J., for the Court (5 N.C. App. 614, 169 S.E. 2d 38), when this case was previously appealed: "This rule appears to be well established in this jurisdiction. 'Evidence that a record or document has been lost and could not be found after due diligence, or had been destroyed, is sufficient foundation for the admission of secondary evidence thereof, either by introducing a properly identified copy thereof, or by parol evidence of its contents. But as a general rule parol evidence in regard to writings is properly excluded in the absence of a showing of any effort to procure the writings to offer them in evidence.' " Here, as in the first

trial of this case, the record of the proceedings in superior court is devoid of any explanation for the absence of the note itself. We may not speculate as to its whereabouts and disregard the rule.

Since defendant's intent at the time of the assault is an essential element of the offense charged, the contents of the note were a vital part of the State's evidence in showing such intent and since the contents of the note were directly in issue, the State was under an obligation to explain the absence of the note itself. *State v. Anderson, supra.*

Other questions brought forward by defendant will not be discussed as they may not occur on retrial.

New trial.

BROCK and GRAHAM, JJ., concur.

BROCK, J., concurring.

It seems that Britt, J., in writing the opinion for the Court after the first appeal in this case, clearly pointed to the necessity for some explanation of what happened to the original of the note. Yet, the State did not even ask the prosecuting witness what she did with the note. Her answer to that question would likely explain sufficiently the absence of the note.