UNITED STATES of America,
Plaintiff-Appellee,

v.

Gregory Bruce COFFMAN,
Defendant-Appellant.

No. 76–1793.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 28, 1977.

Decided Dec. 27, 1977.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan. (E. Edward Johnson, U. S. Atty., Topeka, Kan., on the brief) for plaintiff-appellee.

Leonard D. Munker, Federal Public Defender, Topeka, Kan., for defendant-appellant.

Before SETH and DOYLE, Circuit Judges, and STANLEY, Senior District Judge.*

ARTHUR J. STANLEY, Jr., Senior District Judge.

The defendant-appellant appeals from his conviction of possession and sale of heroin in violation of 21 U.S.C.A. § 841(a)(1). Testifying at the trial the defendant admitted the sale as charged and the evidence amply supports the verdict. The defendant claims as error the failure to arraign him; governmental misconduct; refusal by the court to allow evidence of violation by federal agents of governmental regulations and the denial of his request for an instruction on his mental capacity in accordance with the rule announced in *Wion v. United States,* 325 F.2d 420 (10th Cir. 1963), *cert. denied,* 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 309 (1964).

Prior to the date set for his arraignment the defendant obtained an ex parte order directing his psychiatric examination at the Medical Center for federal prisoners. Released from that institution he, on the day originally set for his arraignment, procured an order for examination by a psychiatrist of his own choice. From his arrest until his sentence he was at liberty on his own recognizance. He was never formally arraigned, a fact not brought to the attention of the trial court until after the trial. Non-compliance with Rule 10, Fed.R.Crim.P., was first raised in the motion for new trial after the return of a guilty verdict.

■ The defendant acknowledges that before going to trial he had been given a copy of the indictment and that the failure to arraign him before trial commenced was inadvertent. He does not claim that he was not fully prepared for trial. We have held that under these circumstances, no prejudice having been demonstrated, arraignment is not necessary. *United States v.*

*Hart,* 457 F.2d 1087 (10th Cir.), *cert. denied,* 409 U.S. 861, 93 S.Ct. 150, 34 L.Ed.2d 108 (1972).

The assertion of governmental misconduct is based upon the fact that the defendant came to the attention of agents of the Federal Drug Enforcement Agency through information passed on to them by a local police officer who had gained his knowledge from one Barnette, an informer enrolled as a patient in a local methadone clinic as was the defendant. Barnette had reported to a police detective that the defendant had offered to sell him an ounce of heroin. At the request of D.E.A. Agent Zettl, Barnette telephoned the defendant and arranged for purchase of the heroin. The eventual sale resulted in the defendant's indictment, trial, and conviction.

The defendant contends that the federal agents violated regulations prescribed by the Secretary of Health, Education, and Welfare providing for the confidentiality of drug abuse patient records, specifically 42 C.F.R. § 2.19. The H.E.W. regulations were issued under the authority of 21 U.S.C.A. § 1175 dealing with programs for the treatment of drug abusers. The Government argues that the Secretary in promulgating section 2.19 exceeded the authority granted by Congress in 21 U.S.C.A. § 1175. The Secretary himself expressed some doubt as to his power to impose an absolute prohibition of the use of undercover informants. 42 C.F.R. § 2.19–1(d). We do not pass upon this issue and for the purpose of disposition of this case will assume the existence of the power to issue the regulation in question.

42 C.F.R. § 2.19 reads in pertinent part:

. . . (2) The term "informant" means a person who, at the request of a Federal, State or local law enforcement or investigative agency or officer, carries on observation of one or more persons enrolled in or employed by a program in which he is enrolled or employed, for the purpose of reporting to such agency or officer information concerning such per-

---

* Of the District of Kansas, sitting by designation.

sons which he obtains as a result of such observation subsequent to such request.

(b) *General prohibition.* Except as otherwise provided in paragraph (c) of this section, or as specifically authorized by a court order granted under § 2.67,—

(1) No undercover agent or informant may be employed by or enrolled in any alcohol or drug abuse treatment program;

. . . (3) No law enforcement or investigative officer may recruit or retain an informant with respect to such a program.

The purpose of the regulation is clearly expressed by the Secretary in section 2.19–1:

(a) In many instances, persons who are patients in treatment programs are making their first tentative efforts toward re-integration into productive society. They may be both vulnerable and suspicious, and the presence in a treatment program of undercover law enforcement agents or informants can have a devastating effect on the program's morale and therapeutic effectiveness. Moreover, it would appear that the purpose of such agents or informants may be to obtain precisely the type of personal information which might be revealed by inspection of counselor notes and other patient records maintained by the program. Thus, the placing of an undercover agent or informant in a program, either as a patient or as an employee, would appear to be contrary to the purposes for which the provisions of law authorizing this part were enacted, and properly subject to prohibition under regulations expressly authorized to carry out those purposes.

With respect to the prohibition against the use of informers imposed by section 2.19–1(a) the Secretary states in section 2.19–1(e) and (f) that

. . . it is [an informant's] function vis-a-vis personnel and fellow patients in the program in which he is enrolled which is controlling, and not his relationship, *per se,* with an investigative agency.

(f) Finally, the definition of informant is intended to clarify the distinction between an informant and an ordinary witness. It is the element of prearrangement which is crucial.

The legislative history of 21 U.S.C.A. § 1175 and the expository sections of the regulations make it clear that neither Congress nor the Secretary intended that hospitals administering the methadone treatment program should become sanctuaries for drug abusers who violate the law while enrolled in the program. Here Barnette, before he became known to the federal agents, had been enrolled in the drug abuse treatment program for about a year. He was not placed in the program for the purpose of ferreting out violations of the narcotic laws. He was not recruited or retained as an informant "with respect to" the methadone treatment program. He had been employed as an informant by Thomas Allen, a local police officer, in a successful effort to locate and recover stolen property. Allen was assigned to the Wichita police robbery squad and had never worked on drug cases.

■ The Government's evidence was that the defendant first approached Barnette with an offer to sell heroin and when Barnette reported the offer to Allen the local detective relayed the information to the federal agents. As said by the Secretary in section 2.19–1(f), "It is the element of prearrangement which is crucial" and the only prearrangement with Barnette with respect to any drug abuse treatment program was entered into after the defendant had approached him with the offer to sell heroin. In this setting Barnette was an ordinary witness. We perceive no misconduct on the part of the Government.

The admission of the evidence proffered by the defendant with respect to the agent's ignorance of or non-compliance with the H.E.W. regulation would have introduced irrelevant side issues and the ruling excluding such evidence was well within the discretion of the trial court. *United States v. Spivey,* 508 F.2d 146 (10th Cir.), *cert. denied,* 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975).

Neither the prosecutor nor defense counsel requested an insanity instruction and none was given. The defendant did not object to the instructions as given but contended in his motion for a new trial and argues here that it was incumbent on the court to give a mental illness or insanity instruction including the element of diminished mental capacity recognized in *Wion v. United States, supra.* He claims that the element of diminished mental capacity was injected by the prosecution during cross-examination of a psychiatrist called by the defendant. This witness' testimony was that it was his opinion that the defendant, at the time of the sale of the heroin, lacked the capacity to refrain from the commission of crime. He based his opinion upon the defendant's account of his behavior "plus the fact that he was at that time a methadone addict".

The defendant, testifying in his own behalf, said that he knew when he sold the heroin to Barnette that what he was doing was illegal but that he did it because he needed the money.

In *United States v. Jacobs,* 473 F.2d 461 (10th Cir.), *cert. denied,* 412 U.S. 920, 93 S.Ct. 2740, 37 L.Ed.2d 147 (1973), we held that when "some evidence" of insanity is introduced from any source the legal assumption of sanity disappears and that the burden is then upon the prosecution to prove beyond a reasonable doubt that the defendant was sane when he committed the offense charged. The legal presumption of insanity is not destroyed by testimony which does no more than express the idea that a narcotics addict may be influenced by his appetite for drugs to commit a crime to support his habit. Such evidence does not put in issue the mental capacity of an accused. As stated by the Fifth Circuit in *Bailey v. United States,* 386 F.2d 1 (1967), *cert. denied,* 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408 (1968), "It would appear that an element of reasoned choice yet exists when an addict knowingly violates the law in acquiring and using drugs. One is not excused for offending simply because he wanted to very, very badly." The trial court was under no duty to give an instruction on insanity.

We have reviewed the entire record and perceive no error. The judgment is affirmed.