STATE OF NORTH CAROLINA v. JAMES A. BETHEA

No. 7714SC796

(Filed 7 March 1978)

1. **Criminal Law § 84; Narcotics § 3.1— drug rehabilitation program—evidence from informant—violation of federal regulations—suppression not required**

   Although officers may have violated federal regulations prohibiting the retention of informants by law enforcement officers in federally assisted drug treatment programs when they used an outpatient at a drug rehabilitation center to purchase methadone from another outpatient while on the premises of the treatment center, suppression of the evidence thereby obtained was not required since the purpose of the regulations is to insure the confidentiality of the records of patients in the drug treatment programs, and evidence obtained

by the use of an informant in this case did not include any confidential records of the defendant. 21 U.S.C. 1175; 42 C.F.R. § 2.19(b).

**2. Criminal Law § 81— best evidence rule—collateral matter**

In this prosecution for possession with intent to sell and sale of the controlled substance methadone, the best evidence rule was not violated by an officer's testimony describing the label on the bottle containing the methadone which bore defendant's name and the name of a doctor, since the officer's testimony, in conjunction with the doctor's testimony, tended to explain how defendant came into possession of the methadone and was only collateral to the primary issues of defendant's possession and sale of the drug.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 2 June 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 31 January 1978.

Defendant was charged in a two-count bill of indictment, proper in form, with possession with intent to sell and deliver, and sale and delivery of a controlled substance, to wit: methadone. Upon the defendant's plea of not guilty to each charge, the State offered evidence tending to show the following:

John Prillaman is an undercover narcotics investigator for the State Bureau of Investigation. During the summer of 1976 Prillaman was assigned to Durham County. On 14 July 1976 Prillaman met David Gillis at the Durham Drug Rehabilitation Center to purchase some drugs. Gillis informed Prillaman that the defendant who was standing nearby had some methadone in his possession. At Prillaman's request Gillis approached the defendant, and a short time later Prillaman saw the defendant deposit a bottle containing orange liquid in Gillis' pocket. Immediately thereafter Prillaman saw Gillis hand the defendant some money. Gillis then joined Prillaman and told him that because the defendant had insisted upon the return of his bottle, it would be necessary to transfer the liquid to another container. Prillaman and Gillis then poured the liquid from the defendant's bottle into a bottle which they found in Gillis' car. The bottle was later turned over to a chemist of the State Bureau of Investigation. The liquid was analyzed and found to be methadone. The defendant was arrested on 21 September 1976.

The defendant offered evidence tending to show the following: During the summer of 1976 the defendant and Gillis were both out-patients at the drug rehabilitation center and both were

receiving methadone treatments. On 14 July 1976 the defendant walked outside after receiving his prescribed dosage of methadone and was approached by Gillis. Gillis, who had attempted to sell drugs to defendant on prior occasions, proposed that the defendant sell his methadone. The defendant refused to do so and took the methadone home with him.

The jury found the defendant guilty of each charge. From a judgment imposing a sentence of 4 years imprisonment, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Jordan & Harkins, by Randall A. Jordan and Harry H. Harkins, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1] In his first assignment of error defendant contends that the trial court erred in denying his motion to suppress the evidence pertaining to the sale of methadone. He argues that the evidence was obtained in violation of the Drug Abuse Office and Treatment Act of 1972, 21 U.S.C. 1101, *et seq.* The pertinent statute, 21 U.S.C. 1175, provides as follows:

### Confidentiality of patient records

(a) Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

. . .

(c) Except as authorized by a court order granted under subsection (b)(2)(C) of this section, no record referred to in subsection (a) may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient.

. . .

(f) Any person who violates any provision of this section or any regulation issued pursuant to this section shall be fined not more than $500 in the case of a first offense, and not more than $5,000 in the case of each subsequent offense.

The regulations promulgated by the Secretary of Health, Education and Welfare pursuant to the authority conferred by 21 U.S.C. 1175(g) expressly prohibit the retention of informants by law enforcement officers in a drug treatment program. 42 C.F.R. § 2.19(b).

In the present case the parties stipulated to the following facts:

[T]hat . . . [the alleged sale] took place on the grounds of the Durham Drug Rehabilitation Center; that the agents of the State Bureau of Investigation were on the grounds of the Drug Rehabilitation Center; that these agents retained one David Gillis to set up this alleged sale with the defendant in this case, Mr. James Bethea.

That Mr. Gillis entered into a transaction with Mr. Bethea and that Mr. Gillis then reported back to the agents of the S.B.I. concerning information that stemmed from this transaction; the agents were on the grounds of the facility.

The defendant argues that these facts reflect a clear violation of the above regulations, and thus the evidence obtained therefrom must be excluded in order to further the objectives of the statute. Assuming *arguendo* that the retention of Gillis by S.B.I. agents to engage the defendant in a sale of methadone was a violation of the cited regulations, we are of the opinion that the evidence was properly admitted.

In *Armenta v. Superior Court of Santa Barbara County*, 61 Cal. App. 3d 584, 132 Cal. Rptr. 586 (1976), the same argument was urged by a defendant in a similar factual setting. The California court after finding a violation of the regulation thoroughly explored the legislative history of 21 U.S.C. 1175. The court then reasoned that the primary concern of Congress as reflected in the statute itself and the regulations thereunder was to insure the confidentiality of records maintained in federally-funded drug

treatment programs. The regulation proscribing the use of informants was predicated on the premise that the most effective means of blocking access to confidential records was to prohibit the use of such informants altogether. It follows that the regulation is only secondarily concerned with direct transactions between a patient and an informant in which a confidential record is not a part. The court concluded that only confidential records obtained in violation of 21 U.S.C. 1175 were intended to be subject to exclusion. Enforcement of the ban against the use of informants can better be accomplished by the means provided in 21 U.S.C. 1175(f).

We find ourselves in total agreement with the reasoning of the California court in *Armenta*. Since the evidence obtained by the use of informants in the present case did not include any confidential records of the defendant, we hold that the trial court properly denied the defendant's motion to suppress.

[2] The defendant also contends that the trial court's admission of testimony describing the label on the bottle containing the orange liquid violated the best evidence rule. The State witness, S.B.I. Agent Prillaman, testified on direct examination that he "observed the defendant place a plastic bottle, sort of off-white in color, containing an orange liquid, into the rear pants pocket of Gillis"; that after handing defendant some money, Gillis joined Prillaman and told him that the defendant needed his bottle; and that the two men went to Gillis' car to transfer the liquid to another bottle. Prillaman was permitted to testify over the defendant's objection that a label on the bottle which Gillis had given him provided "the name, 'Bethea,' . . . 'James,' the date, 7-14-76; underneath that was 'Dr. Rader.'" Dr. Rader, a defense witness, was permitted to testify over the defendant's objection on cross examination that a bottle with the above described label "would indicate a take-home bottle of methadone" prescribed to the named patient.

The best evidence rule requires a party seeking to prove the contents of a writing to produce the writing itself or to excuse its nonproduction. 2 Stansbury's North Carolina Evidence § 190, at 99 (Brandis Rev. 1973). However, the rule is inapplicable when a writing is only collaterally involved in the case. 2 Stansbury's North Carolina Evidence § 191 (Brandis Rev. 1973).

The defendant cites our decision in *State v. Anderson*, 5 N.C. App. 614, 169 S.E. 2d 38 (1969), *on retrial*, 9 N.C. App. 146, 175 S.E. 2d 729 (1970), as authority for his position. In that case according to the State's evidence the defendant had abducted the prosecutrix and her child companion and had handed a note to the prosecutrix which read: "Keep quiet, don't say anything to the child. Give me what I want or I'll kill you." The defendant was charged with assault with intent to commit rape, and at trial the State, without producing the note itself, was allowed to prove its contents by parol testimony. Reasoning that "[t]he contents of the note were a vital part of the State's evidence in showing the intent of defendant," this Court held that the best evidence rule was applicable and that the defendant was entitled to a new trial. *State v. Anderson, supra* at 616, 169 S.E. 2d at 40.

In the present case Agent Prillaman saw the defendant place a bottle containing orange liquid in Gillis' pocket. Soon thereafter in Gillis' car he saw the same bottle and read the label affixed on it. Prillaman's testimony describing the label bearing defendant's name in conjunction with Dr. Rader's testimony explaining the effect of such a label tended to explain how the defendant came into possession of the methadone. It is our opinion that such evidence was collateral to the primary issues of defendant's possession and sale of the drug. *In re Potts*, 14 N.C. App. 387, 188 S.E. 2d 643 (1972), *cert. denied*, 281 N.C. 622, 190 S.E. 2d 471 (1972). In this regard we think *Anderson* is clearly distinguishable. We hold that the best evidence rule is not applicable to the evidence offered by the State and allowed by the trial court.

The defendant received a fair trial free from prejudicial error.

No error.

Judges BRITT and WEBB concur.