STATE of Minnesota, Respondent,

v.

Gerry Dean BROWN, Appellant.

No. C1-85-589.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Review Denied Dec. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK, and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Gerry Brown appeals from two convictions of aggravated robbery. Brown contends that a drug treatment center violated a federal statute when it released information to the police, that improper remarks by his trial attorney in closing argument deprived him of effective assistance of counsel, and that there was insufficient evidence to establish his guilt. We affirm.

## FACTS

On September 7, 1984 at about 11:00 p.m., Pamela Harwell and Linda Eckhardt went to the Artist's Quarter Bar in Minneapolis. Both testified that Brown approached them and found a waitress to take their order. Brown asked if he could join them and sat down at their table.

Brown told them that he was a counselor at Eden House. He said that he had been a musician and was originally from Louis-

ville, Kentucky. He revealed that his first name was Gerry, his birthday was December 31, and he would be 39 years old. Brown was wearing a t-shirt that said "Eden House."

When the bar began to close, Brown repeatedly asked the women for a ride home. He walked out to Eckhardt's car with them, and they "acquiesced." Brown got in on the passenger side, Harwell sat in back, and Eckhardt drove. Brown gave directions.

The trio drove for a time until Eckhardt indicated that she did not know where they were. Brown told her to pull over. He then pointed a gun at Eckhardt and demanded the women's purses and jewelry. Brown took $12, credit cards, and jewelry from Eckhardt and $18 from Harwell. Eckhardt testified that unauthorized purchases were made to her Visa card after September 8, 1984.

Police were given a description of the robber and what he said about himself. Sergeant Robert Thompson testified that he called Eden House and asked whether any staff members fit the description. A Mr. Grigsby told Thompson that no staff member matched that description.

Daniel Kane from Eden House then called Thompson. Kane told Thompson that he could not give him a name, but that a person fitting the description had been a patient at Eden House for two months and was on interstate parole from Kentucky. A call to the interstate parole board resulted in the name "Gerry Dean Brown."

Eckhardt picked Brown's photo out of a group of six photographs. A search warrant was issued for Brown's residence and executed on September 11, 1984. Brown was arrested. No jewelry, credit cards, cash, or gun were found.

On September 12, 1984, Eckhardt had no difficulty picking Brown out of a live lineup. Harwell was shown a photograph of that line-up and also picked Brown as the robber. Both women identified Brown at trial.

Brown testified at trial and denied robbing the women or having a gun. He testified that he was at the bar that evening and told the women about himself. Brown admitted that he had been a patient at Eden House.

At this point, Brown's account of the evening differs from that of Harwell and Eckhardt. He said that he gave Harwell some cocaine while they were at the bar. Harwell later asked Brown if he could get some more. Brown agreed to "hold" the jewelry until the women paid him for the cocaine. He said that the women drove him to a friend's house where he got the cocaine. They then dropped him off at his house and went to get money. He said that he waited, but that the women never returned. He doesn't know what happened to the jewelry.

Brown was convicted in 1978 of burglary and in 1983 of aggravated forgery. The prosecution was permitted to introduce evidence of three prior aggravated robbery convictions for the purpose of impeaching his statement that he was "never involved with a weapon."

Brown's motion to dismiss the charges or suppress evidence based on alleged violation of federal law was denied. Brown was found guilty on both counts of aggravated robbery. This appeal followed.

## ISSUES

1. Was a federal statute violated when Eden House released information to the police?

2. Was appellant denied effective assistance of counsel?

3. Was there sufficient evidence to support the jury's verdicts of guilty?

## ANALYSIS

### I.

Brown contends that information was given to the police by Eden House in violation of 42 U.S.C. § 290ee–3. Brown argues that his arrest, identification, and convictions were all based on this information,

and the trial court erred in not suppressing these "fruits" of the illegally obtained information. 42 U.S.C. § 290ee–3 provides in relevant part:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall * * * be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.
>
>    *     *     *     *     *     *
>
> Except as authorized by a court order granted under subsection (b)(2)(C) of this section, no record referred to in subsection (a) of this section may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient.

42 U.S.C. § 290ee–3(a) and (c) (Supp.1985). Subsection (b) allows disclosure with the written consent of the patient or by court order. No court order was sought or obtained in this case.

The statute applies after a patient has left a treatment program. 42 U.S.C. § 290ee–3(d). Persons violating the statute may be fined. 42 U.S.C. § 290ee–3(f). Various regulations have been promulgated under the statute. 42 C.F.R. § 2.1 et seq.

### A. *Does the Statute Apply?*

■ There is no evidence in the record that Eden House is funded by the federal government. The statute only applies to federally funded treatment centers. 42 U.S.C. § 290ee–3(a); *see State v. Andring,* 342 N.W.2d 128, 131 (Minn.1984).

Appellant has not shown that "records" of Eden House were disclosed to police. There was no evidence that Kane had obtained the information from Brown's confidential file. A counselor's direct personal observations are not a "record" even if reduced to writing or testified to in court. *State v. White,* 169 Conn. 223, 236, 363

A.2d 143, 150, *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975).

Finally, the State did not seek to introduce Brown's record or testimony from Eden House personnel at trial. The trial court never had this issue squarely before it.

### B. *Is Suppression of Evidence the Proper Remedy?*

■ A fine is the authorized penalty for violation of the statute. 42 U.S.C. § 290ee–3(f). The Minnesota Supreme Court has held that it "will not require suppression of all evidence seized in searches constituting, or resulting from, a violation of a statute." *State v. Smith,* 367 N.W.2d 497, 504 (Minn.1985) (applying the Minnesota Government Practices Act, Minn.Stat. ch. 13).

Other courts have uniformly held that suppression of evidence is not an appropriate sanction. *Armenta v. Superior Court,* 61 Cal.App.3d 584, 132 Cal.Rptr. 586 (1976), *United States v. Coffman,* 567 F.2d 960 (10th Cir.1977), *State v. Bethea,* 35 N.C. App. 512, 241 S.E.2d 869 (1978), *State v. Keleher,* 5 Kan.App.2d 400, 617 P.2d 1265 (1980). These cases all deal with government informers who are enrolled in treatment programs to gather information on other patients. Even where violations of the statute have been found, evidence has not been suppressed. *See Armenta,* 61 Cal.App.3d at 596 n. 9, 132 Cal.Rptr. at 593 n. 9. The Tenth Circuit Court of Appeals found that:

> neither Congress nor the Secretary intended that hospitals administering the methadone treatment program should become sanctuaries for drug abusers who violate the law while enrolled in the program.

*Coffman,* 567 F.2d at 962.

### C. *Did Appellant Waive Any Expectation of Privacy?*

■ Brown testified that he told Harwell and Eckhardt that he was chemically dependent and had been a patient at Eden

House. He was wearing an Eden House shirt. The trial court stated that Brown's involvement with Eden House was not an issue in the case because he admitted it. Brown was on interstate parole while he was at Eden House. Under these facts, it is doubtful that Brown had any reasonable expectation that his status as a chemically dependent person would not be disclosed.

For these reasons, we hold that the trial court properly denied appellant's motion to suppress evidence and dismiss the charges against him.

## II.

■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court said the proper standard for attorney performance is that of "reasonably effective assistance." *Id.* at ——, 104 S.Ct. at 2064.

Generally, an appeal from a judgment of conviction, such as this, is not the most appropriate way of raising an issue concerning the effectiveness of the trial counsel's representation because we do not have the benefit of all the facts concerning why defense counsel did or did not do certain things.

*State v. Zernechel,* 304 N.W.2d 365, 367 (Minn.1981); *see State v. Hanson,* 366 N.W.2d 377, 379 (Minn.Ct.App.1985).

Brown contends that his counsel made improper remarks during closing argument and that he was therefore denied effective assistance of counsel. In his closing argument, trial counsel made reference to the fact that Brown is a drug addict with a criminal record. Counsel conceded that it "looked like" Brown was guilty, but he expressed some "nagging doubts" and reminded the jury that Brown was presumed innocent. Weaknesses and inconsistencies in the State's case were pointed out. Counsel remarked on the lack of physical evidence. Brown's version of the incident and the credibility of witnesses were argued.

Taking the closing argument as a whole, and in light of the evidence produced at trial, it cannot be said that Brown was denied reasonably effective assistance of counsel. Two credible witnesses testified that Brown had robbed them. Brown's defense was based solely on his own testimony that the incident was a drug deal and not a robbery. Brown had prior convictions for armed robbery which impeached his credibility. Counsel's choice of strategy in closing argument should not be "second-guessed." *State v. Morrison,* 298 Minn. 179, 180, 213 N.W.2d 629, 631 (Minn. 1974). On this record and under the totality of the circumstances, appellant had effective assistance of counsel.

## III.

In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. If the jury, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty, that verdict will not be reversed.

*State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980) (quoting *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978)) (citations omitted).

■ Under this standard, we must assume that the jury believed the testimony of Harwell and Eckhardt that Brown robbed them at gunpoint. We must also assume that the jury did not believe Brown's characterization of the incident as a drug deal. There was sufficient evidence for the jury to reasonably have found Brown guilty of aggravated robbery.

## DECISION

1. The record does not show that information was obtained in violation of a feder-

al statute. Even if the federal statute was violated, suppression of evidence is not an appropriate remedy.

2. Appellant had reasonably effective assistance of counsel.

3. There was sufficient evidence to support the convictions.

Affirmed.