STATE v. WILLARD M. LaJEUNESSE.

159 N. W. (2d) 261.

June 7, 1968—Nos. 39,126, 40,616.

382

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent.

OTIS, JUSTICE.

Defendant, having pled guilty to the crimes of robbery in the first degree, assault in the second degree, and the unauthorized use of a motor vehicle, was on December 13, 1962, sentenced to prison for a term not to exceed 20 years. These are consolidated appeals from an order discharging a writ of habeas corpus arising out of the robbery conviction and from the judgments of conviction for the crimes of assault and unauthorized use of a motor vehicle.

The issues raised in the appeal from the order denying a writ of habeas corpus are first, whether defendant's plea was induced by evidence obtained by an unconstitutional search of his automobile; and second, whether he was denied effective representation of counsel. Defendant's appeal from the two judgments of conviction is a pro se appeal, and the issues raised by his handwritten notice of appeal are first, whether he was held illegally prior to being charged in a municipal court; second, whether he was improperly brought before the probate court in Clearwater County; third, whether he had effective assistance of counsel; and finally, whether the pleas of guilty were improvidently made.

The robbery charge to which defendant pled guilty involved a grocery store in Gonvick, Clearwater County, Minnesota, on July 16, 1962. At about 5 o'clock in the afternoon of July 23, 1962, a dairy store at 161 North Victoria Street, near Selby Avenue in St. Paul, was robbed by two

bandits. A young boy playing in the alley saw a yellow Buick stop next to the store and two men emerge. They left a door open and the engine running, entered the store, and shortly thereafter hurried back into the car and drove off at high speed. His suspicions aroused, the young man noted the license number and wrote it in the dirt where he was playing. When the police arrived they secured the license number from the boy and determined that the automobile was registered in the name of defendant. Thereupon, they put out an alarm to pick up the vehicle and its occupants. The following morning, at about 4 a. m., the car was seen by the police in St. Paul and a roadblock was set up at Marshall and Hamline, a little more than a mile from the scene of the robbery. The car containing nine people, including defendant, was stopped, and defendant and the other occupants were arrested. The ignition keys were taken from defendant's pocket. It is undisputed that the police found his billfold and sunglasses in the automobile. He testified that after he was taken to the police station an officer brought in a pistol which had been removed from the glove compartment and asked him why it was in the car. In addition, he claims that a pair of slacks and a sport coat were taken from the car trunk after he had been brought to the station. One of the arresting officers testified that he believed the search of the automobile was made while the occupants were at the scene of the arrest. It is conceded that the search occurred without a warrant.

Following his arrest in St. Paul, defendant was held in custody for 3 days before he was delivered to the Clearwater County authorities. Thereafter, he was removed to the Polk County jail, from which he escaped on October 17, 1962. He was charged in Polk County with the crimes of assault in the second degree and the unauthorized use of a motor vehicle. Both crimes stem from his conduct following the escape. Subsequently, defendant pled guilty in Clearwater County District Court to the charge of robbery in the first degree. He pled guilty in Polk County District Court to the charges of assault in the second degree and the unauthorized use of a motor vehicle.

It is the contention of defendant that he pled guilty to the charge in Clearwater County because he believed the gun and clothing would be introduced in evidence against him in that trial. He was under the im-

pression, he said, that the state would claim these articles were used in the Gonvick robbery. If they were inadmissible, defendant contends that under State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258, and State v. Richter, 270 Minn. 307, 133 N. W. (2d) 537, certiorari denied, 382 U. S. 860, 86 S. Ct. 119, 15 L. ed. (2d) 98, he was entitled to have his plea of guilty withdrawn.

■ The trial court held that the search of defendant's automobile and the seizure of articles of personal property were proper as an incident to the arrest. Defendant asserts that there was not probable cause for his arrest and that the evidence compels a finding that the search violated his Fourth Amendment rights. We find no merit in either of these contentions. Clearly, the police had not only a right but a duty to apprehend the owner after receiving an accurate description of the car and its license number. The arrest was made within a few hours of the time of the robbery and in the same general vicinity.

Under Minn. St. 629.34(3), a police officer may, without a warrant, arrest a person when a felony has in fact been committed and the officer has reasonable cause for believing the person arrested to have committed it. We have no difficulty in finding probable cause for arresting this defendant under circumstances where there had been a reliable report that a car which he owns had been used in a robbery only a few hours before, and he has been found driving it in the same neighborhood at 4 a. m. the next morning.

■ With respect to the claim that his car was not searched until after defendant was taken into custody, he relies on Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. (2d) 777, and State v. Holmes, 273 Minn. 223, 140 N. W. (2d) 610. However, we are of the opinion that defendant has not sustained his burden of proving the articles in question were seized improperly. The testimony in this regard is inconclusive. We believe that the rule adopted in Cooper v. California, 386 U. S. 58, 87 S. Ct. 788, 17 L. ed. (2d) 730, is here applicable. In that case evidence was taken from defendant's car without a search warrant a week after his arrest. The Supreme Court distinguished Preston on the ground that in Cooper, pending forfeiture proceedings, the car had been

impounded under state law because it was used to transport narcotics.[1] We hold that in the instant case, where the car was operated as the getaway vehicle, it also was an instrumentality of the crime and as such admissible in evidence. Hence we find no Fourth Amendment impediment to receiving in evidence articles taken from the vehicle at the police station immediately following the arrest.[2] Since they were admissible in evidence, there is no merit in defendant's contention that he pled guilty under a misapprehension of his constitutional rights.

■ Defendant complains that he was denied adequate representation. He asserts he was permitted to confer with counsel only about 10 minutes prior to entering his plea, and that his counsel was subsequently disbarred. The district court appointed an attorney to represent defendant on November 7, 1962. At an arraignment on December 3, 1962, counsel advised the court that he had had ample opportunity to confer with his client, and defendant expressly concurred in this representation. Before entering a plea of guilty, defendant asked for an opportunity to consult his attorney again. It was granted. A few minutes later defendant's counsel and the prosecutor apparently agreed that the information could be amended to delete any reference to defendant's being armed with a dangerous weapon and to provide only that he was aided by an accomplice who was armed. After a plea of guilty from defendant, the court advised him of his right to a jury trial and the state's burden of proof. Defendant stated that no threats or promises had been made to induce his plea, and he was thereupon interrogated by the court with reference to his background and by the prosecutor as to the circumstances of the offense. Over objection of his counsel, defendant was permitted to state that he entered the Red Owl Store in Gonvick on July 16, 1962, and took more than $100 from the cash register. He was accompanied by an

---

[1] This question was anticipated and left unanswered in State v. Dill, 277 Minn. 40, 45, 151 N. W. (2d) 413, 416. See, also, Comment, 52 Minn. L. Rev. 533, 539.

[2] A related issue was raised in Harris v. United States, 390 U. S. 234, 236, 88 S. Ct. 992, 993, 19 L. ed. (2d) 1067, 1069, where the court held evidence admissible if observed as a result of a "measure taken to protect the car while it was in police custody."

accomplice who took money from another cash register and put it in a sack. The court then accepted his plea of guilty.

The matter was continued for a presentence investigation until December 13, 1962, when defendant appeared before the court with a different attorney, who vigorously and eloquently pled for leniency. Although defendant had a prior felony record and faced a possible term of up to 80 years, the court limited the sentence to 20 years.

The record itself refutes defendant's contention that he did not have competent representation. Both defendant and his attorney made representations to the trial court which contradict his present contention. Nor are we impressed by the fact that one of his attorneys was subsequently disbarred. Those proceedings were based on the misappropriation of assets in an estate. They are a reflection on counsel's integrity but not on his competence.

■ The direct appeals from the judgments of conviction entered in Polk County for assault in the second degree and the unauthorized use of a motor vehicle have not been briefed or argued in this court. Since the allegations made by defendant in his pro se notice of appeal find no support in the record, those convictions must be affirmed.

Affirmed.