STATE v. JAMES ROLAND THOMPSON, JR.

173 N. W. (2d) 459.

January 2, 1970—No. 41102.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, for appellant.

Douglas M. Head, Attorney General, Richard Kyle, Solicitor General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

Defendant appeals from a conviction for aggravated robbery and presents two issues for review. First, whether a revolver introduced in evidence was the product of an unlawful search of defendant's automobile; and, second, whether the evidence supports the jury's finding that defendant was not so intoxicated as to be incapable of formulating an intent.

On January 4, 1967, defendant entered a bar at 312 Grove Street in St. Paul, accompanied by an armed accomplice who ordered the patrons to lie on the floor while defendant at pistol point forced the bartender to open the safe. Two packets, each containing fifty $1 bills, were taken from the safe and $90.45 from the cash register. Thereupon, defendant ripped the receiver off the telephone, emerged from the bar, and ran toward a slowly moving automobile. He jumped into the car but got out again when it was halted by an armed police officer. When the police attempted to take defendant into custody, he broke away and started to run, whereupon he was shot in the leg and arrested. Two packets of fifty $1 bills and six 32-caliber bullets were found on his person.

1. After defendant and his accomplices were safely in custody, the police searched the getaway vehicle without a warrant and discovered a 32-caliber revolver under the front seat. Introduction of this evidence is claimed to be a violation of U. S. Const. Amend. IV. We have recently held that the search of an automobile without a warrant subsequent to arrest is valid where the vehicle is an instrumentality of the crime. State v. LaJeunesse, 280 Minn. 381, 159 N. W. (2d) 261; State v. Russell, 282 Minn. 223, 164 N. W. (2d) 65. Defendant relies on Chimel v. California, 395 U. S. 752, 89 S. Ct. 2034, 23 L. ed. (2d) 685. That case applied the Fourth Amendment to the search of a home and in our opinion does not put in question the propriety of State v. LaJeunesse, *supra,* and State v. Russell, *supra.* We are aware that the Sixth Circuit Court of Appeals in Colosimo v. Perini, 415 F. (2d) 804, has applied the Chimel rule to the search of an automobile used in the commission of a crime. In so doing, the Federal court cited Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. (2d) 777, without discussing Cooper v. California, 386 U. S. 58, 87 S. Ct. 788, 17 L. ed. (2d) 730, on which we relied in the LaJeunesse and Russell cases. We do not choose to follow the Colosimo decision and hold that the search of defendant's automobile was valid.

2. With respect to defendant's claim that by reason of intoxication he was incapable of formulating an intent to commit a robbery, it is enough to say there was ample evidence to justify a finding of intent. The matter was submitted to the jury on a proper charge to which no exception was taken. Defendant's futile attempt to escape the officers may have been singularly imprudent but it is not conclusive of the fact that his intoxication deprived him of criminal intent. We disposed of similar contentions in State v. Bonga, 278 Minn. 181, 153 N. W. (2d) 127, and State v. Sandve, 279 Minn. 229, 156 N. W. (2d) 230. The principles we there applied require an affirmance.

Affirmed.