STATE v. RICHARD GREGORY KOHUTH.

176 N. W. (2d) 872.

April 24, 1970—No. 41550.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie E. Wahl, Assistant State Public Defenders, for appellant.

Douglas M. Head, Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

Defendant appeals from a conviction for aggravated robbery.

The offense occurred on August 16, 1967, at a service station in the city of St. Paul. The attendant was forced into a back room of the station from which he escaped in time to record the license number of the vehicle in which the robber made his getaway. The police, armed with a description of the car and the name of the registered owner, sighted the car parked in front of a restaurant not long after the offense was committed. After making some inquiries within, the officers returned to the car and searched the glove compartment where they found a gun which was subsequently offered and received in evidence. Defendant was then arrested. On his person was found about $60, which was the approximate amount taken from the station attendant.

Defendant was apprehended about 2 o'clock on the morning of August 16, 1967. He was permitted to communicate with counsel at 8 a. m., and at 11 a. m. was placed in a lineup without the benefit of counsel.

Defendant asserts that because the robber wore glasses and he was the only one of four in the lineup wearing glasses when identified by the victim, and because his retained counsel was not given an opportunity to be present at the lineup, testimony concerning the lineup

identification should have been excluded on the authority of United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149; Gilbert v. California, 388 U. S. 263, 87 S. Ct. 1951, 18 L. ed. (2d) 1178; and Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. ed. (2d) 1199. The state, on the other hand, takes the position that those cases apply only to a lineup conducted subsequent to indictment. We are of the opinion that the manner in which the lineup in the instant case was conducted was improper and, upon timely objection, testimony concerning the identification based upon the lineup should have been excluded. State v. Gluff, 285 Minn. 148, 172 N. W. (2d) 63. However, defendant made no objection to the evidence concerning the lineup but conducted a vigorous cross-examination on the matter and raised the issue for the first time at the conclusion of the state's case by motion to strike. Under these circumstances, a denial of that motion was, at most, harmless error, Chapman v. California, 386 U. S. 18, 87 S. Ct. 824, 17 L. ed. (2d) 705, since it is unlikely that the granting of a motion to strike the evidence would have effectively expunged the damaging testimony from the jury's mind.

■ Defendant, after being in custody, signed a consent to a search of his automobile. He now asserts the consent was coerced, and without a warrant the taking of a gun from his glove compartment was an unlawful search and seizure, citing Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. (2d) 777; and Dyke v. Taylor Implement Mfg. Co. 391 U. S. 216, 88 S. Ct. 1472, 20 L. ed. (2d) 538. We do not agree. The automobile which contained the gun was registered in defendant's name and was identified by the victim as the car used in the robbery. As such, it was an instrumentality of the crime. The police were searching for defendant's car when they sighted it in front of the restaurant a short time after the robbery. We hold that on the authority of State v. Bean, 280 Minn. 35, 42, 157 N. W. (2d) 736, 741, certiorari denied, 393 U. S. 1003, 89 S. Ct. 493, 21 L. ed. (2d) 468; State v. LaJeunesse, 280 Minn. 381, 159 N. W. (2d) 261; State v. Russell, 282 Minn. 223, 164 N. W. (2d) 65; and State v. Thompson, 285 Minn. 529, 173 N. W. (2d) 459, the search was reasonable and hence the gun was admissible.

■ Finally, defendant complains the prosecutor unfairly referred to the robber as the defendant in his examination of witnesses. However, this was done only after the witness had testified that defendant was the robber. Under some circumstances, to characterize the offender as defendant might well be prejudicial error. However, in the context of this examination, we hold it was not improper.

Affirmed.