# STATE v. THOMAS A. MORRISON.

213 N. W. 2d 629.

:

January 4, 1974—No. 43398.

*C. Paul Jones,* State Public Defender, and *Patricia L. Belois,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, and *Norris C. Hystad,* County Attorney, for respondent.

SCOTT, JUSTICE.

Defendant, charged with first-degree murder and convicted by a district court jury of the lesser offense of third-degree murder, contends on this appeal from judgment of conviction that (1) the trial court erred in admitting the weapon into evidence, (2) the public defender did not give him the adequate representation to which he was entitled, and (3) the trial court erred in its instructions in stating that defendant had admitted killing the victim. We affirm.

We do not agree with defendant's contention that the search was unreasonable and therefore a violation of his Fourth Amendment rights. The gun used in the homicide was clearly admissible in evidence. It was in plain sight in the getaway car and was seized contemporaneously with a valid arrest based upon prob-

able cause.[1] The defendant admitted shooting the victim. The only issue is the degree of the crime: First-, second-, or third-degree murder, or first-degree manslaughter.

In arguing that defense counsel did not adequately represent him, defendant points to counsel's failure (a) to seek a change of venue, (b) to move for suppression of his spontaneous statement to the sheriff when the sheriff first arrived, (c) to call a certain witness, and (d) to argue that the shooting was an accident. With respect to (a) and (c), defendant simply makes a bald assertion, unsupported by the record, that the jury was prejudiced and that counsel's failure to call a named witness hurt him. As to (b), we believe that counsel did not challenge the statement's admissibility for the simple reason that he knew it was admissible. See, Jankord v. State, 290 Minn. 168, 186 N. W. 2d 530, certiorari denied, 404 U. S. 942, 92 S. Ct. 292, 30 L. ed. 2d 757 (1971). As to (d), we need only say that this was a matter of trial strategy and we will not second-guess counsel. Indeed, in view of the strong evidence against defendant, we believe that counsel appropriately and wisely decided to argue for either third-degree murder or first-degree manslaughter.

Finally, we note that counsel did not object at trial to the trial court's statement in its instructions to the jury that defendant had admitted shooting the victim. The obvious reason that counsel did not object is that defendant at trial in fact admitted shooting the victim, so that issue was not before the jury.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] State v. Harris, 265 Minn. 260, 121 N. W. 2d 327, certiorari denied, 375 U. S. 867, 84 S. Ct. 141, 11 L. ed. 2d 94 (1963); State v. Collins, 270 Minn. 581, 132 N. W. 2d 802 (1964); State v. LaJeunesse, 280 Minn. 381, 159 N. W. 2d 261 (1968); State v. Russell, 282 Minn. 223, 164 N. W. 2d 65, certiorari denied, 396 U. S. 850, 90 S. Ct. 109, 24 L. ed. 2d 100 (1969); State v. Thompson, 285 Minn. 529, 173 N. W. 2d 459 (1970).