STATE of Minnesota, Respondent,

v.

Charles B. WILLIAMS, Appellant.

No. C7–82–713.

Supreme Court of Minnesota.

Aug. 26, 1983.

C. Paul Jones, State Public Defender, Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was charged with two counts of attempted second-degree (intentional) murder and two counts of completed assault in the first degree, Minn.Stat. §§ 609.11, 609.17, 609.19 and 609.221 (1982), for the shotgun shooting of his friend Delores Dickson and Calvin Kidd, the friend of one of Ms. Dickson's daughters. A district court jury found defendant guilty of attempted second-degree murder for shooting Ms. Dickson and assault in the first-degree for shooting Mr. Kidd. The trial court determined that he could sentence defendant consecutively to a total of 91.5 months in prison (70 for the attempted murder and 21.5 for the assault) without the sentence constituting a departure. In fact, the court erred in determining the presumptive sentence for the assault, 21.5 months being the correct presumptive sentence if the conviction had been for attempted assault, 43 months being the correct presumptive sentence for the completed assault. Concluding that there were grounds for a double

durational departure with respect to both convictions, the trial court sentenced defendant to 183 (140 plus 43) months in prison. On this appeal from judgment of conviction defendant seeks a new trial on the ground that the trial court erred in admitting a video tape of a deposition of Ms. Dickson without requiring sufficient authentication and that the trial court erred in its instructions on the attempt charges. Alternatively, he seeks a reduction of the conviction for attempted murder to one for assault in the first degree on the ground that the evidence failed to establish intent to kill. Finally, he claims that at a minimum his sentence should be reduced from 183 (140 plus 43) months in prison to 113 (70 plus 43) months in prison because there were no grounds for a durational departure. The state disputes defendant's contentions and urges this court to increase defendant's sentence for the assault conviction from 43 to 86 months, making a total sentence of 226 (140 plus 86) months in prison. We affirm.

1. Defendant's claims of trial error relate to (a) the adequacy of the foundation for the admission of a video tape deposition of Ms. Dickson taken in the hospital shortly before trial and (b) the trial court's instructions on attempt, which defendant contends had the effect of directing a verdict on the issue of whether there was an attempt to kill.

(a) Minn.R.Evid. 901(a) provides simply, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The foundation for the admission of the deposition consisted primarily of the testimony of the operator of the video recorder, who stated that he had been trained in operating the machine, that he taped the deposition in question, that Ms. Dickson was the party being examined, that he was present at all times and recorded the entire deposition, that the light used was available light, that there were seven cassettes in all,

and that he marked the tapes and turned them over to the prosecutor immediately after the taping. The prosecutor represented to the court that the tapes had been in his custody since that time without any alteration or change. Defense counsel objected to the admission of the tape on foundational grounds, but the trial court overruled the objection. We hold that the trial court did not abuse its discretion under Rule 901(a) in concluding that the foundation for the admission of the deposition was adequate. *State v. Hager,* 325 N.W.2d 43 (Minn.1982).

(b) Defendant's complaint about the trial court's instructions on attempt focuses on a concrete illustration that the trial court used to make the abstract principles involved more understandable to the jury. Specifically, the trial court, in explaining what it means to take a "substantial step" toward the commission of a crime, said:

> In other words, what it means is you might be sitting at home this morning and thinking I'd like to shoot so and so. That's all the further you go. You haven't taken any substantial steps toward doing something. If you go look for him at his house but he isn't there you have at least taken a substantial step to do so.

Defense counsel objected to this at trial, and defendant argues on appeal that the use of this example had the effect of directing a verdict on the issue of attempt.

■ We have indicated that in criminal cases a defendant "is entitled to have all the elements of the offense with which he is charged submitted even if the evidence relating to these elements is uncontradicted." *State v. Carlson,* 268 N.W.2d 553, 560 (Minn.1978). If the defendant admits certain elements, then the court can so instruct the jury. *State v. Morrison,* 298 Minn. 179, 213 N.W.2d 629 (1974). But generally trial courts should be extremely cautious when it comes to doing this. *State v. Carlson,* 268 N.W.2d 553, 561 (Minn.1978). There is a danger in using an example to illustrate what is meant by an instruction. The aim of making abstract legal principles under-

standable is laudable, but if the example fits too closely, then it is arguable that the court is interfering with one of the functions of the jury in a criminal case, which is to apply the abstract legal principles to the facts of the case as the jury determines those facts to be.

■ In this case we have concluded that even if error was committed, it was not prejudicial error. This is because the real issue was not whether defendant took a substantial step, assuming he intended to kill Ms. Dickson, but whether defendant intended to kill her. The trial court's example did not deal with intent.

■ 2. Defendant's next contention is that the evidence that he intended to kill Ms. Dickson was legally insufficient. The evidence bearing on intent included (a) evidence that defendant was angry with her, (b) evidence that several hours before the shooting defendant threatened to kill her, (c) evidence that defendant bought the gun the day of the shooting, (d) evidence that defendant fired the gun two or three times at the victim as she was sitting on the floor in her house, and (e) evidence that defendant fled the scene following the act and, when questioned by the police later that evening, showed no remorse or concern for Ms. Dickson's condition. We hold that the evidence was sufficient to establish that defendant had an intent to kill.

3. The final issue is whether defendant's sentence should be modified either upward or downward.

■ The trial court's departure report listed five factors in support of a double durational departure. Rather than discuss each of these factors, we simply hold that the trial court was justified in departing durationally because there was a prior felony conviction for an offense in which the victim was injured. Minnesota Sentencing Guidelines and Commentary, II.D.2.b(3) (1982) expressly makes it an aggravating factor if "[t]he current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured."

Thus, the trial court was clearly justified in departing durationally.

This leaves the question whether we should increase defendant's sentence for the assault conviction on the ground that the trial court intended to double the presumptive sentence for the offense but erroneously computed the presumptive sentence as 21.5 months rather than 43 months. The answer to this question is that we cannot increase the sentence under the circumstances of this case because the state has not filed an appeal. *See State v. Wallace,* 327 N.W.2d 85 (Minn.1982).

Affirmed.