(December 20, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BELL, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered October 17, 1988, convicting defendant, after jury trial, of burglary in the second degree and sentencing him, as a persistent violent felony offender, to an indefinite term of eight years' to life imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest for removal of a stained-glass window from a residential building at 461 Ft. Washington Avenue, Manhattan. The superintendent and a tenant of the building testified to observing defendant, over an

extended period of time, working with tools to remove the window from its frame. The building superintendent called the police and defendant was apprehended near the scene, in possession of two screwdrivers and a pair of pliers.

Defendant's *pro se* claim that he was denied effective assistance of counsel is unpersuasive. Counsel, in his opening statement, indicated that defendant had not removed the window, but that if the jury should believe the prosecution's witnesses, the conduct attributed to defendant would constitute, at most, a criminal trespass or an attempted petit larceny, but not the crime of burglary. We do not think this strategy amounted to a "concession" of guilt, nor does mere dissatisfaction with a losing strategy establish ineffectiveness.

The prosecutor's unobjected-to remarks in summation regarding a police "frame up" did not exceed the bounds of legitimate advocacy. The prosecutor's remarks referred to defendant's testimony, contrary to that of a police officer, that he did not possess the tools used to remove the window, but that the tools were in fact possessed by an unidentified police officer, and thus were fair comment on matters brought into evidence by defendant himself. *(See, e.g., People v Fielding,* 158 NY 542.) Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.