Rusttee Allan TORRES, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A03–1624.

Supreme Court of Minnesota.

Nov. 18, 2004.

Philip Michael Zrimsek, Northfield, MN, for Appellant.

Mike Hatch, Attorney General, St. Paul, MN; and G. Paul Beaumaster, Rice County Attorney, Faribault, MN, for Respondent.

## OPINION

HANSON, Justice.

In his petition for postconviction relief, appellant Rusttee Allan Torres claims ineffective assistance of trial counsel, arguing that counsel improperly conceded Torres' guilt to certain elements of the crimes with which he was charged. We conclude from our review of the trial record that counsel did not make concessions of guilt. Thus Torres' claim does not fall within any exception to the procedural bar of *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), and we affirm the denial of his petition.

Torres was convicted of murder in the first degree in the course of a burglary, in violation of Minn.Stat. § 609.185(3) (2000), and murder in the second degree, in violation of Minn.Stat. § 609.19(1) (2000), in connection with the May 9, 1999, death of Jesse Springer in Faribault, Minnesota. We affirmed the convictions on direct appeal against challenges that the district court erred when denying a requested jury instruction on voluntary intoxication and that the prosecutor committed misconduct. *State v. Torres,* 632 N.W.2d 609 (Minn. 2001).

Torres brought this petition for postconviction relief claiming that he received ineffective assistance of both trial counsel and appellate counsel. The postconviction court denied Torres' petition. The court held that the claim of ineffective assistance of trial counsel was procedurally barred under the rule in *Knaffla* because it could have been raised on direct appeal. The court further held that Torres was not entitled to an evidentiary hearing on his claim of ineffective assistance of appellate counsel because it had been conclusively shown that he was not entitled to appellate relief (citing *Sessions v. State,* 666 N.W.2d 718, 723 (Minn.2003)). Torres appeals only from the denial of his claim of ineffective assistance of trial counsel.

Torres argues that during closing argument his trial counsel improperly conceded his guilt with regard to elements of first-degree murder in the course of a burglary and second-degree murder. Torres does not identify the specific statements by counsel that he claims are concessions. He summarily argues that counsel "made no arguments and did not contest the elements of [the two crimes]"; that counsel "implicitly admitted, and on occasion, explicitly admitted several elements of both counts by acknowledging and failing to refute the assertion that petitioner acted in concert with the other alleged perpetrators of the crime, Chris St. Martin, Dylan Frohn and Tracy Sailor"; and that counsel "did not contest the elements of * * * burglary in any way."

## I.

Torres invites us to adopt a bright-line rule that the failure to raise a claim of ineffective assistance of trial counsel on

direct appeal does not bar the claim from being brought in a postconviction petition, relying in part on the recent decision of the United States Supreme Court in *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In *Massaro,* the Court overturned the "procedural default" rule that had been followed in some federal circuits which held that a claim of ineffective assistance of trial counsel was barred if the defendant did not raise it on direct appeal. The Court stated that the "procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." 538 U.S. at 504, 123 S.Ct. 1690. The Court noted that requiring a defendant to raise the issue of ineffective assistance of counsel on direct appeal is inherently difficult because the trial record is often "incomplete or inadequate for this purpose." *Id.* at 505, 123 S.Ct. 1690. The Court concluded that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate [postconviction] proceeding under [28 U.S.C.] § 2255." *Id.* at 509, 123 S.Ct. 1690.

■ Because the ruling in *Massaro* is based on the Supreme Court's supervisory power over federal courts and is not constitutional in nature, it does not bind us and we decline to adopt it. We believe that the Minnesota rule, first announced in *Knaffla,* is superior to the rule in *Massaro.* Under *Knaffla,* all claims brought or known on direct appeal are barred from consideration in a collateral proceeding. 309 Minn. at 252, 243 N.W.2d at 741. Two

exceptions are made: first, a claim is not barred where the claim "is so novel that the legal basis was not available on direct appeal" and, second, a claim is not barred where the "petitioner did not 'deliberately and inexcusably' fail to raise [the claim] on direct appeal * * * [and] fairness requires its consideration." *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001) (quoting *Roby v. State,* 531 N.W.2d 482, 484 (Minn. 1995)). Under the second exception, we have held that a claim of ineffective assistance of trial counsel is not barred by *Knaffla* if it cannot be determined from the district court record and requires additional evidence, such as that involving attorney-client communications. *Robinson v. State,* 567 N.W.2d 491, 494–95 (Minn. 1997).

■ Thus, our rule recognizes that not all ineffective assistance of trial counsel claims are alike. A claim of ineffective assistance of trial counsel that can be decided on the basis of the trial court record must be brought on direct appeal and is procedurally barred when raised in a postconviction petition. But a claim of ineffective assistance of trial counsel that cannot be decided on the district court record because it requires additional evidence need not be brought on direct appeal and may be brought in a postconviction petition.[1] We believe that our rule is preferable because it preserves the goals of finality and efficiency where appropriate and overrides them only where necessary in the interests of justice.

■ When the postconviction claim of ineffective assistance of trial counsel is based on the contention that trial counsel improperly conceded guilt on certain elements of a charge without the defendant's

---

1. Recognizing that the absence of a bright line rule might be confusing in some circumstances, we have noted that the "best procedure for raising such a claim, however, is to file a petition for postconviction relief *before* appeal." *Robinson v. State,* 567 N.W.2d at 495 n. 3 (emphasis in original) (citing *Roby v. State,* 531 N.W.2d at 484 n. 1 (Minn.1995)).

consent, the application of the *Knaffla* rule is somewhat more complicated because that contention requires a two-part inquiry. First, the postconviction court must review the record to see if trial counsel in fact conceded guilt. If the postconviction court determines from the trial record that there was no concession of guilt, no further evidence is required, no evidentiary hearing is necessary and there is no exception to the *Knaffla* bar. But if there is evidence on the trial record that trial counsel in fact conceded guilt, the court must proceed to the second prong of the inquiry—whether the defendant acquiesced in that concession. If the defendant acquiesced, the claim of ineffective assistance of trial counsel fails. *State v. Provost*, 490 N.W.2d 93, 97 (Minn.1992). Because this inquiry on acquiescence requires evidence of attorney-client communications, an evidentiary hearing should be held and the interests of justice require that the court lift the *Knaffla* procedural bar.

## II.

Applying this analysis to the present case, we first conduct a de novo review of the trial record to determine whether Torres trial counsel conceded guilt on any element of the two charges. In this regard, silence on a particular element of a crime is not the same as a concession. Whether the failure to address the element is ineffective assistance of counsel depends on the facts in the case and what arguments can credibly be made. *State v. Roberts*, 279 Minn. 319, 323, 156 N.W.2d 760, 763 (1968) (holding that failure of defense counsel to interpose a particular defense is not ineffective assistance when, on the record, the defense has no merit); *State v. Morrison*, 298 Minn. 179, 180, 213 N.W.2d 629, 631 (1974) (holding that defense counsel's failure to argue that the shooting at issue was an accident, in view of the strong evidence against defendant, was not ineffective representation).

■ Furthermore, a slightly different test applies to claims of implied concessions of guilt. We have recognized that we must exercise great caution when defining an implied concession lest the "semantics of every questioned word, statement or misstatement of counsel by inadvertence, negligence or perhaps cleverness * * * [become] an automatic ground for a new trial." *Dukes v. State*, 660 N.W.2d 804, 812 (Minn.2003). We will find an implied concession only where a "reasonable person" viewing the "totality of the circumstances" would conclude that counsel conceded the defendants guilt. *Id.* at 812–13 (citing *State v. Vick*, 632 N.W.2d 676, 688 (Minn.2001)).

■ Torres argues that defense counsel impliedly conceded that one of the four defendants in the apartment killed Jesse Springer and thereby conceded Torres' guilt as one who aided and abetted. In her closing argument, defense counsel does suggest that codefendants Frohn and Sailor, who testified for the state as part of a plea bargain, each had motives to lie about the role of Torres. But counsel did not state or imply that either Frohn or Sailor committed the killing. Instead, her focus was to discredit the testimony of the two witnesses who each said that Torres committed the murder. The major point of the argument was that the testimony of these witnesses did not eliminate reasonable doubt about Torres' guilt. In fact, counsel did not explicitly admit that Torres, Frohn or Sailor were even present at the scene, although all of the evidence suggested that they were. When counsel chooses not to argue a particular point because the weight of the evidence is against her and instead chooses to attack the credibility of the states witnesses, a

reasonable person would not conclude that counsel implied the defendants guilt.

■ Torres next argues that counsel explicitly admitted that whoever took the actions assaulting Springer intended to kill him. But his only support for this claim is that counsel referred to Frohn's testimony about how Springer had been cut "ear to ear." Counsel did not state that anyone intended to kill Springer. To the contrary, counsel argued that all codefendants were heavily intoxicated and that none of them could have formed the requisite intent for a specific intent crime. That argument may have had some effect on the jury, which acquitted Torres of premeditated murder.

■ Torres argues that counsel admitted that a burglary had occurred. But Torres bases that argument on the claim that counsel failed to specifically respond to the state's allegations that the four men rushed into Springer's apartment, or tricked Springer into opening the door. Although counsel did not make strong arguments as to whether a burglary occurred, she did not concede the point. In fact, when the state stated in rebuttal that defense counsel did not argue that there was no burglary, counsel requested surrebuttal to address the point. The district court granted surrebuttal and counsel clarified that she had not conceded any of the issues, including the burglary offense.

Finally, Torres argues that counsel failed to argue that Torres was an innocent bystander and therefore did not aid and abet the crimes of his codefendants. But counsel did argue that all of the testimony of the codefendants was inconsistent, that "there was not premeditation on that day on the part of Mr. Torres" and that the

evidence did not prove that Torres intended to assist his friends in the commission of any crime.

Because the trial record discloses that defense counsel made no concessions of Torres' guilt, evidence of whether Torres acquiesced is irrelevant. *Knaffla* applies to procedurally bar the claim. Accordingly, we hold that the denial of the postconviction petition without a hearing was not an abuse of discretion.[2]

Affirmed.

ANDERSON, G. BARRY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

2. The application of the *Knaffla* rule is somewhat superfluous in these circumstances. Even if *Knaffla* did not procedurally bar Tor-

res' claim, the conclusion that defense counsel did not concede guilt would also defeat the claim on the merits.