*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1917**

Robert Patrick Butters, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 6, 2016
Affirmed
Smith, John, Judge**\*

Ramsey County District Court
File No. 62-CR-13-8142

Robert Patrick Butters, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and

Smith, John, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH, JOHN**, Judge

We affirm the district court's summary denial of appellant's petition for postconviction relief because his ineffective-assistance-of-trial-counsel claims are *Knaffla*-barred or without merit and his ineffective-assistance-of-appellate-counsel claims lack merit.

## FACTS

In 2014, appellant Robert Patrick Butters pleaded guilty in Ramsey County District Court to financial-transaction card fraud after he presented a credit card at a Shoreview gas station without the cardholder's consent. At his plea hearing, on questioning by his attorney, Butters acknowledged that he had mental-health issues requiring hospitalization in 2010 and for which he received medication in 2013. He told the district court that he suffered from mental illnesses, including attention-deficit disorder and bipolar disorder, but that his mind was "100 percent clear," and he understood everything that was going on and what he was doing.

Butters, who has 16 prior felony convictions, signed a plea petition agreeing that his attorney would argue for a guidelines sentence of 24 months, but that the prosecutor would argue for the statutory maximum of 60 months. He signed a waiver of his right to a trial on facts in support of an aggravated sentence, agreeing that he met the criteria for sentencing as a career offender. Butters told the district court at the plea hearing that he knew that his offense had a maximum term of imprisonment of five years, that the prosecutor would seek an aggravated sentence of up to 60 months, and that the district

court could sentence him to that term. He stated that he had had time to discuss this issue with his attorney. When asked whether he was satisfied that his attorney had "represented [his] interests and fully advised [him] of this aggravated sentence," he replied, "Very much so." At the sentencing hearing, Butters's attorney argued in support of a guidelines sentence because the amount of the theft was small and Butters was a career drug user who needed chemical-dependency and mental-health treatment. The district court sentenced Butters to the 60-month statutory maximum term.

Butters filed a direct appeal seeking to withdraw his guilty plea on the ground that it lacked an adequate factual basis and that a manifest injustice occurred. This court affirmed his conviction, concluding that the factual basis was adequate and no manifest injustice necessitated plea withdrawal. *State v. Butters*, No. A14-0983 (Minn. App. Feb. 17, 2015), *review denied* (Minn. Apr. 28, 2015).

In May 2015, Butters filed a pro se petition for postconviction relief, arguing that his trial counsel provided constitutionally ineffective assistance by failing to investigate his competency to plead guilty or raise an insanity defense, failing to inform him of the consequences of his plea, and failing to inform him that his offense had an element of specific intent. He also argued that appellate counsel was constitutionally ineffective for failing to raise these issues and not informing him of his right to petition for certiorari to the United States Supreme Court. The district court denied the petition without a hearing, concluding that his claims of ineffective-assistance-of-trial-counsel were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and that

they also lacked merit. The district court concluded that Butters's claims of ineffective assistance of appellate counsel also failed. This appeal follows.

## DECISION

This court reviews a summary denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A postconviction court's factual findings are reviewed for clear error, and questions of law are reviewed de novo. *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn. 2012). "A[n] evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested." *Lussier v. State*, 853 N.W.2d 149, 153 (Minn. 2014) (quotation omitted).

*Ineffective assistance of trial counsel*

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014). The Minnesota Supreme Court has held that, once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Exceptions to the *Knaffla* rule exist if the claims present novel legal issues or the interests of justice require consideration. *Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013), *cert. denied*, 134 S. Ct. 2147 (2014). Here, even if Butters's brief may be construed as arguing the interests-of-justice exception, that exception is usually limited to unique situations when "the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal."

4

*Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995) (quotation omitted). "A defendant cannot recharacterize a claim previously litigated to avoid the *Knaffla* procedural bar." *Martin v. State*, 825 N.W.2d 734, 745 (Minn. 2013).

Butters argues that the district court erred by ruling that his claims were *Knaffla*-barred, citing *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690 (2003). In *Massaro*, the Supreme Court overturned the "procedural default" rule, which had been followed in some federal circuits, that an ineffective-assistance claim was barred if a defendant did not raise it on direct appeal. 538 U.S. at 504, 123 S. Ct. at 1693-94. But the Minnesota Supreme Court has declined to adopt the ruling in *Massaro*, stating that *Massaro* is "based on the Supreme Court's supervisory power over federal courts and is not constitutional in nature," and therefore it applies only in federal courts and does not bind Minnesota state courts. *Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004).

In *Torres*, the Minnesota Supreme Court held that if an ineffective-assistance claim can be decided on the basis of the trial court record, it must be brought on direct appeal and is procedurally barred if raised in a postconviction petition. *Id.* If the claim cannot be decided on the district court record and requires additional evidence, such as evidence of attorney-client communication, an evidentiary hearing should be held in the interests of justice. *See id.* Butters argues that his ineffective-assistance claims are not based on the district court record, but on this court's decision in his direct appeal. But his claim that trial counsel failed to inform him of the maximum sentence for his offense may be resolved on the district court record without an evidentiary hearing. That record shows that Butters expressly acknowledged that he knew the possible consequences of

his plea, including a maximum term of 60 months, and that he had time to discuss that issue with his attorney. Thus, the district court did not err by concluding that this claim was *Knaffla*-barred.

We need not address whether Butters's additional ineffective-assistance-of-trial-counsel claims are barred by *Knaffla*, however, because we conclude that he failed to allege sufficient facts to require the district court to hold an evidentiary hearing on their merits. To satisfy a claim of ineffective assistance of counsel, "(1) the defendant must prove that counsel's representation fell below an objective standard of reasonableness; and (2) the defendant must prove there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). "The objective standard of reasonableness is defined as representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014) (quotations omitted). "Trial counsel's performance is presumed to be reasonable." *Id*. at 266. An appellate court "may analyze the *Strickland* requirements in either order and may dispose of a claim on one prong without considering the other." *Lussier v. State*, 853 N.W.2d 149, 154 (Minn. 2014).

Butters argues that trial counsel provided ineffective assistance by failing to inform him that his offense was a specific-intent crime, to which he could assert a

voluntary-intoxication defense.[1]  But he pleaded guilty to financial-transaction-card fraud in violation of Minn. Stat § 609.821, subd. 2(1) (2012), which requires proof that a person, "without the consent of the cardholder, and knowing that the cardholder has not given consent,  us[ed] or attempt[ed] to use a card to obtain the property of another."  He admitted at his plea hearing that the cardholder did not give him permission to use her credit card, and he did not claim to be intoxicated.  Thus, this ineffective-assistance claim is without factual support.  *See Ferguson v. State*, 645 N.W.2d 437, 446 (Minn. 2002) (stating that a postconviction petitioner requesting an evidentiary hearing cannot depend on mere argumentative assertions without factual support).

Butters also argues that, because of his history of mental illness, his attorney provided constitutionally ineffective representation by failing to investigate whether he was competent to plead guilty and whether to assert an insanity defense.  Defendants have a due process right not to face trial or conviction on criminal charges if they are legally incompetent.  *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 903 (1975); *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997).  A defendant is not competent to enter a plea, stand trial, or be sentenced if that person is unable to rationally consult with

---

[1] Butters cites no authority to support his claim that financial-transaction-card fraud is a specific-intent crime, for which a voluntary-intoxication defense is available.  *See State v. Fleck*, 810 N.W.2d 303, 308-09 (Minn. 2012) (holding that assault-harm is a general-intent crime, to which voluntary intoxication is not a defense).  And in order to submit an intoxication instruction to a jury, a defendant must also show evidence to support a jury finding by a preponderance of the evidence that he was intoxicated, and he must offer intoxication as an explanation for his actions.  *State v. Torres*, 632 N.W.2d 609, 616 (Minn. 2001).

counsel, understand the proceedings, or participate in a defense due to mental illness or deficiency. Minn. R. Crim. P. 20.01, subd. 2.

At the plea hearing, after Butters's attorney questioned him about his mental illness, he stated that he was "100 percent clear" about the entry of his plea and that he understood the proceedings and what he was doing by pleading guilty. Thus, the record shows that counsel had knowledge of Butters's mental condition, and it fails to raise a factual issue sufficient for an evidentiary hearing to consider whether counsel acted in an objectively unreasonable manner by failing to further investigate Butters's competency.

To conclude that trial counsel was ineffective on the basis of failing to pursue an insanity defense, the postconviction court would have to determine that (1) counsel made an unreasonable decision not to pursue such a defense; and (2) a reasonable probability existed that Butters would not have pleaded guilty had his counsel pursued that defense. *Bruestle v. State*, 719 N.W.2d 698, 704-05 (Minn. 2006). An insanity defense is proved by showing that the offender, at the time of the crime, "was laboring under such a defect of reason [due to mental illness or deficiency] as not to know the nature of the act, or that it was wrong." Minn. Stat. § 611.026 (Supp. 2013). "The law recognizes no degree of sanity"—"on one side are the legally sane, on the other side are the legally insane." *State v. Bouwman*, 328 N.W.2d 703, 706 (Minn. 1982). The record contains no indication that Butters's mental illness rendered him legally insane at the time of his offense, lacking the ability to know the nature of his act or that it was wrong. He has therefore failed to provide support for his claim that trial counsel provided ineffective assistance by failing to further investigate an insanity defense.

8

*Ineffective assistance of appellate counsel*

An ineffective-assistance-of-appellate-counsel claim is generally raised in a postconviction petition because an appellant cannot know about the claim at the time of direct appeal. *Wright v. State*, 765 N.W.2d 85, 90-91 (Minn. 2009). Therefore, the district court properly concluded that Butters's claims of ineffective assistance of appellate counsel were not *Knaffla*-barred. But "[w]hen an ineffective assistance of appellate counsel claim is based on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, the appellant must first show that trial counsel was ineffective." *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007).

Butters argues that appellate counsel provided constitutionally ineffective assistance by failing to raise the deficiencies in trial counsel's representation. But, on this record, Butters fails to raise a sufficient factual issue for an evidentiary hearing on his claim that he was not advised of his possible sentence. And as discussed above, because his other claims relating to trial counsel's performance also lack a sufficient factual basis to require an evidentiary hearing, the district court did not abuse its discretion by failing to order a hearing on appellate counsel's failure to pursue those claims.

Butters also alleges that appellate counsel was ineffective for failing to advise him of his right to file a petition for certiorari review in the United States Supreme Court. On this record, Butters has failed to allege facts sufficient to show that he was prejudiced under *Strickland* by counsel's failure to inform him regarding his right to seek certiorari review in the United States Supreme Court. *See, e.g.*, *United States v. Eisenhardt*, 10 F.

9

Supp. 2d 521, 523 (D. Md. 1998) (rejecting similar claim on ground that no prejudice existed because based on existing law, certiorari petition would have been denied).

He finally alleges that, as an indigent defendant, he is entitled to representation when filing a petition for review with the United States Supreme Court. A "defendant's right to the assistance of counsel under article I, section 6 of the Minnesota Constitution extends to one review of a criminal conviction, whether by direct appeal or a first review by postconviction proceeding." *Deegan v. State*, 711 N.W.2d 89, 98 (Minn. 2006). But the right to counsel does not extend to discretionary appeals seeking review in the United States Supreme Court. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987). Therefore, the failure to provide such representation cannot be the basis for an ineffective-assistance claim. Butters had representation for one review of his conviction, and he is not entitled to representation by the public defender's office for the purpose of seeking further review with the United States Supreme Court.

**Affirmed.**