# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JOHN MATTHIAS WATSON, III,
Respondent.

No. 78780

FILED

DEC 13 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant John Watson and his wife, Everilda "Evey" Watson, travelled to Las Vegas, Nevada, and while there, Watson killed Evey and disposed of her body. A jury convicted him of first-degree kidnapping and first-degree murder with the use of a deadly weapon and sentenced him to death. This court affirmed the judgment of conviction and death sentence. *Watson v. State*, 130 Nev. 764, 335 P.3d 157 (2014). Watson filed a timely postconviction petition for a writ of habeas corpus, which the district court granted after concluding that trial counsel acted unreasonably by conceding Watson's guilt during closing argument when Watson had insisted on maintaining his innocence. The State appeals. Because we agree with the State that trial counsel did not concede Watson's guilt, we reverse and remand.

The United States Supreme Court has recognized there are circumstances where it may be reasonable for trial counsel to concede a client's guilt. *See, e.g., Florida v. Nixon*, 543 U.S. 175 (2004). "Defense

21-35395

counsel undoubtedly has a duty to discuss potential strategies with the defendant." *Id.* at 178. Consequently prudent counsel should explain any strategy that approaches a concession. *See id.* at 192 (recognizing that counsel should inform the defendant of the strategy he believes is in the defendant's best interest); *cf. McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018) ("Counsel, in any case, must still develop a trial strategy and discuss it with her client, explaining why, in her view, conceding guilt would be the best option." (citation omitted)). But "[w]hen a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *McCoy*, 138 S. Ct. at 1509.

Here, the district court concluded that Watson's expressed objective was to maintain his innocence and that trial counsel conceded guilt during closing argument. The State challenges both conclusions. We, however, address only the concession issue because our decision on that issue is dispositive.[1]

Courts generally find a concession of guilt only when it is explicit. For example, an attorney concedes a client's guilt by stating that the jury should find the client guilty of the charged crime or opining that the client is guilty, *see, e.g., Francis v. Spraggins*, 720 F.2d 1190, 1193 n.7 (11th Cir. 1983) ("I think he went in the house and I think he committed the crime of murder probably . . ."), *receded from on other grounds by*

---

[1]The State argues that *McCoy* announced a new constitutional rule and does not apply retroactively. We need not address that issue given our conclusion that trial counsel did not concede Watson's guilt.

*Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988); *People v. Lopez*, 242 Cal. Rptr. 3d 451, 456 (Ct. App. 2019) ("I've never disputed it. He's guilty of it; he should be punished for it."); *People v. Hattery*, 488 N.E.2d 513, 517 (Ill. 1985) (recognizing explicit statement that defendant did everything the State described in opening statement as concession of guilt), or by discouraging the jury from acquitting the client, *State v. Matthews*, 591 S.E.2d 535, 539 (N.C. 2004) ("I'm not saying you should find [my client] not guilty. That's very unusual. And it kind of cuts against the grain of a defense lawyer. But I'm telling you in this case you ought not to find him not guilty because he is guilty of something."). And although the Supreme Court has not explained what counts as "conceding guilt," in *McCoy* the concession was explicit. *See McCoy*, 138 S. Ct. at 1506-07. Defense counsel told the jury during opening statement "there was 'no way reasonably possible' that they could hear the prosecution's evidence and reach 'any other conclusion than Robert McCoy was the cause of these individuals' death'" and "the evidence is 'unambiguous,' 'my client committed three murders'" and then reiterated during closing argument that his client "was the killer." *Id.* While a few courts have found implied concessions of guilt, it is only when "a 'reasonable person' viewing the 'totality of the circumstances' would conclude that counsel conceded the defendant's guilt." *Torres v. State*, 688 N.W.2d 569, 573 (Minn. 2004). Under either approach, we are not convinced that trial counsel conceded Watson's guilt.

During closing arguments, defense counsel attacked the credibility of witnesses who had testified that Watson openly contemplated killing Evey and that Watson and Evey had been arguing. He challenged the State's theory that Watson killed Evey and then used power tools to

dismember her body in the hotel room, pointing out that there had been no noise complaints and only a small amount of physical evidence was recovered from the hotel room. Given that some forensic evidence was found in the hotel room and Evey had not been seen for several years, defense counsel acknowledged that "[s]omething happened in that room" and "admittedly something happened to Mrs. Watson." But defense counsel nonetheless maintained that the nature and amount of evidence recovered from the room did not in-and-of-itself support a conviction for first-degree murder with the use of a deadly weapon. Counsel then told the jury, "At most – at most, though I don't agree entirely, at most, perhaps you have a second-degree murder. . . [a]nd in all candor, I'd like to stand here and say you have to find [him] not guilty of murder. Well, I'm not an idiot." Counsel continued to argue that the evidence did not support a conviction for first-degree murder, "Admittedly, you may very well find him guilty of second-degree murder, if and only if, you feel that the circumstantial evidence warrants it."

Counsel did not opine that Watson was guilty or implore the jury to find him guilty of any offense. And counsel's acknowledgment of the evidence against Watson and the reality that the victim had not been seen in four years did not amount to a concession of guilt. *See, e.g., United States v. Williamson*, 53 F.3d 1500, 1511 (10th Cir. 1995) (concluding that counsel's acknowledgment that the events that were the subject of the prosecution occurred and that some prosecution witnesses were telling the truth was not a concession of guilt); *People v. Wiley*, 651 N.E.2d 189, 202-03 (Ill. 1995) (recognizing that admission that defendant may have participated in some events that were the subject of the prosecution was not

SUPREME COURT
OF
NEVADA

(O) 1947A

4

a concession of guilt); *Commonwealth v. Richards*, 153 N.E.3d 1226, 1248-49 (Mass. 2020) (holding that counsel did not concede guilt when he admitted defendant's involvement in the homicide as he argued defendant was not guilty of first-degree murder); *State v. Gainey*, 558 S.E.2d 463, 476 (N.C. 2002) (concluding that counsel did not concede guilt even though counsel admitted defendant was present during crime, involved in events attendant to crime, and engaged in other uncharged conduct). Similarly, counsel did not concede guilt by discussing second-degree murder as an alternative to the top charge of first-degree murder. *Cf. State v. Chambers*, 955 N.W.2d 144, 149-50 (Wis. 2021) (concluding that guiding jury toward lesser included offense did not constitute a concession of guilt). Counsel's acknowledgement that the jury could find Watson guilty of second-degree murder was contingent on the jury finding sufficient circumstantial evidence to support that offense, not on counsel's opinion or concession that Watson was guilty of that crime. *Cf. id.* at 151-52 (concluding that counsel's statement that jury should consider lesser included offense was restatement of jury instruction and not a concession of guilt); *People v. Bell*, 562 N.Y.S.2d 681, 682 (App. Div. 1990) (holding that argument that State may have only proven at most lesser included offense was not a concession of guilt). Indeed, the judge who presided over the trial, who heard and observed defense counsel's comments and who then canvassed Watson, stated on the record that the defense attorney did not say, nor did he intend to say, that Watson was guilty. Moreover, when queried by the court, Watson stated that he did not believe that the argument amounted to a concession when it was uttered.

(0) 1947A

Because counsel's argument did not concede guilt, the district court erred in granting relief on this claim. The district court addressed only this claim in the petition, concluding that its decision in Watson's favor on this claim rendered the other claims moot. On remand, the district court should address the other claims in the petition. This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                                        Stiglich

_____, J.        _____, J.
Cadish                                                Silver

_____, J.        _____, J.
Pickering                                           Herndon

cc:    Hon. Michelle Leavitt, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Resch Law, PLLC d/b/a Conviction Solutions
       Eighth District Court Clerk